By the Court. Woodruff, J.
The ground of defence we deem it material first to notice, is, that the plaintiff did not prove service of notice of non-payment of the checks, as alleged in the complaint. If we deemed it necessary to rest this objection upon the question whether such notice was proved, it would be only giving a reasonable interpretation to the testimony of the witness Wheaton, to say that his conversation with one of the defendants imported notice of the non-payment of the checks. But it was not necessary to prove notice under the pleadings, for two reasons :—
First. Had the plaintiff simply averred demand, refusal and notice, no actual notice was essential to the plaintiff’s right to recover, if the defendants had themselves stopped the payment of the checks. It is claimed that, under such an averment, the plaintiff was not at liberty to prove facts which dispensed with the necessity of giving notice. Such was not the rule before the Code. (Williams v. Matthews, 3 Cow. 252; Ogden v. Conley, 2 John. 274; Garvey v. Fowler, 4 Sand. 665.) And although it was, in the case last cited, deemed that under the Code a different rule would prevail, so far that, as a rule of pleading, it must be said that all the facts relied upon must be stated; yet, when the excuse for not giving notice is actually stated in the defendants’ answer, viz.: that payment had been stopped, and when evidence to that effect was also given on the trial, without objection, we should be yielding too much to what at most would be, under such circumstances, the merest technicality, if we were to say that the plaintiff was not entitled to recover. In such circumstances it would be a mere case of variance between the complaint and the proof. The answer of the defendants shows that he was not misled thereby. The variance might be either disregarded or the complaint amended. (Code, § 169.)
But, Second. The objection had no weight, because the plaintiff has, in his complaint, averred that the defendants stopped the payment of the checks, and this being both admitted and proved, the necessity of showing notice of presentment ceased, and what is *592 said in the complaint, on the subject of actual notice, may and ought to be disregarded as surplusage.
The plaintiff may say, I rested my claim on the fact that the defendants stopped the payment of the check, and is as well entitled to say this as the defendants are to say he rested his case on an averment of actual notice.
He averred both. If either was proved he is entitled to recover. One is well established; yea, more, it is admitted. It would be trifling with justice to say that he may not have judgment because he did not also prove the other.
The next ground of defence, we think, was wholly unsupported by the evidence. It was proved by the defendants that the consideration for the checks was the agreement of Solinger. and others to buy cattle and turn them into the defendants’ place, slaughter them there, and turn in the hides and fat. This was a sufficient consideration for the checks, and wholly disproves the allegation in the answer that the checks were without consideration. The checks were valid in the hands of Solinger, etc., the moment they were delivered to them.
The evidence fails to establish any fraud. It was not shown that Solinger and others did not perform their agreement; and if it had so appeared, it is not clear but that the very fact that the defendants stopped the payment of the checks prevented such performance.
It is not apparent that it made any difference to the defendants, so long as Solinger performed the agreement, whether the checks were used to pay for the purchases made the previous week or for the week then running.
Uor does the answer place the defence upon the ground of any misappropriation of the checks, or allege that they were to be applied to any specific purpose.
It is not, in this view, necessary to consider how far the acceptance of the checks as cash, in payment for the bill of the previous week, and crediting the same as cash in the plaintiff’s books, made the plaintiff a bona fide holder for value.
Under the facts proved, we have no doubt of his right to recover.
The other exceptions taken by the defendants relate to the exclusion of certain testimony which-the defendants sought to'elicit,'" *593 and which they claim was competent proof that Wheaton and the plaintiff were co-partners.
We are clearly of opinion, that whether the testimony offered was, in its nature, competent or not, the evidence was wholly irrelevant and improper.
The non-joinder of Wheaton was not set up as a defence, by' answer or otherwise, and, therefore, as an objection to the plaintiff’s recovery, was waived.
The fact was wholly without controversy that Wheaton received the checks as the agent of the plaintiff. There was not the slightest proof that either Wheaton or the plaintiff had any .knowledge' of the origin or consideration of the checks, or the terms upon which they were drawn.
Whether, therefore, Wheaton was interested with the plaintiff, as a partner or otherwise, was wholly immaterial to any issue made 'by the pleadings, or to any stats of facts proved on the trial.
E it be suggested that such evidence would tend to contradict Wheaton, the answer is, that it was on the defendants’ cross-examination that Wheaton had denied the partnership, and in that particular the defendants’ examination of Wheaton was to a matter purely collateral to the issue and collateral to the facts which it was material to prove, and which he had proved. E the defendants thought proper to examine Wheaton as to such matters, he was bound by his answers, and could not contradict them for the purpose of discrediting the witness. In no aspect of the case, as the pleadings and proofs stood before the court, was the testimony material and proper.
It must not, however, be understood by this that if the testimony had been relevant, that the questions overruled were competent. We are inclined to concur in the ruling of the Chief-Justice in that respect.
We find no just grounds for interfering with the verdict, and must, therefore, direct that judgment be entered for the plaintiff for the amount of his verdict, with costs.