## IRA B. JONES et al., Respondents, *v.* JAMES S. GRAHAM, Appellant.

One not having a judgment and execution is not a creditor within the meaning of the provision of the statute (§ 1, chap. 279, Laws of 1833), declaring that the omission to file a chattel mortgage renders it void as against creditors of the mortgagee, and subsequent purchasers or mortgagees in good faith.

Nor is a person a mortgagee in good faith, within the meaning of said statute, whose mortgage was given for a pre-existing indebtedness, without any new consideration.

(Submitted June 5, 1879 ; decided June 17, 1879.)

THIS was an action for the alleged conversion of a planer with pulleys, belts, etc.

Plaintiffs claimed under a clause in a mortgage to plaintiff Jones of certain mill property, to the effect that it was understood that the mortgage covered " engine, boiler, saw-mill, *planer*, belts, saws, tables, and all of the machinery in the mill on the land herein first described." The mortgage was not filed as a chattel mortgage. The defendant claimed under two subsequent chattel mortgages, which were duly filed. The one which was for $800 was given for a debt of less than $100, and as the referee found, to hinder delay and defraud creditors. When assigned to defendant, there was less than three dollars due thereon. The other was given to secure a pre-existing debt. It was subsequently agreed between the mortgagor and Jones that the latter should take possession of the real estate and property, which he did. Defendant thereafter removed the planer from the mill. *Held*, that plaintiffs were entitled to recover ; that the mortgage to Jones was as between the parties a valid mortgage of the chattels therein mentioned, and was void, because not recorded as a chattel mortgage, only as against creditors and purchasers in good faith (§ 1, chap. 279, Laws of 1833) ; that defendant not having a judgment and execution was not a creditor within the statute, nor was he a subsequent mortgagee in good faith, as his first mortgage was fraudulent, and the other was given for a pre-existing indebtedness and not upon any new con-

sideration, the court citing *Frisbey* v. *Thayer* (25 Wend., 396); *Dickerson* v. *Tillinghast* (4 Paige, 215); *Van Heusen* v. *Radcliffe* (17 N. Y., 580); *Thompson* v. *Van Vechten* (27 id., 568).

*D. C. Hyde* for appellant.

*F. C. Peck* for respondents.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.