Barker, J.
The jury were justified hi finding as a fact that when the defendant received her mortgage, she had full knowledge of the existence of the prior one under which the plaintiff claims title to the property. The evidence tended to show that she had personal knowledge of the fact, and that her agent was fully advised of the existence of the prior incumbrances. In view of these facts and circumstances, she cannot claim to be a mortgagee in good faith as against the plaintiff’s mortgage, and in law his mortgage was prior and superior to the defendant’s. The omission to file a chattel mortgage does not vitiate the mortgagee’s right as against a mortgagee or purchaser with knowledge of the prior incumbrance. Farmers’ Loan and Trust Co. v. Hendrickson, 25 Barb., 484. Gildersleeve v. Landon, 73 N. Y., 609.
It has been frequently held that the statute does not *328 apply to a case .where the subsequent mortgagee has actual knowledge of the existence of the prior incumbrances. The trial judge ruled that as the defendant was not a judgment creditor, that she was in no position to claim that the plaintiff’s mortgages were void, for the reason that they were not filed. This construction of the statute was correct. Jones v. Graham, 77 N. Y., 628; Laws of 1833, chap. 279, § 1; 3 R. S. (7th ed.), p. 2249.
The trial judge instructed the jury, in substance, that if they found that the mortgagee (Mrs. Wheeler) loaned and advanced to the mortgagor, the sum of $500, at the time she received her mortgage, and at that time was ignorant of the existence of the prior mortgages which had been executed and delivered to the plaintiff, and the transaction between herself and the mortgagor had been entered into in good faith and without intent to cheat and defraud his creditors, then she was entitled to a verdict adjudging her to be the owner of the property. These instructions were strictly accurate and fairly presented to the jury the legal questions involved.
The defendant’s counsel asked the court to charge the jury that no hen arises under a mortgage unless the same. is properly filed. The court declined so to charge, and the defendant excepted. As between the parties to the mortgage, there may be a valid hen although the same was never filed. The court also ruled that a mortgage given for pre-existing indebtedness, although in all other respects good and valid as between the parties, did not constitute the mortgagee a purchaser or an_ incumbrancer in good • faith within the meaning of the statute. This ruling was "based upon and justified by the case of Jones v. Graham (77 N. Y., 628), and the cases were cited there.
Decker, the original plaintiff, was examined as a witness in his own behalf in the municipal court, and at the time of the retrial in the county court he was deceased, and his evidence as there given was read by the plaintiff. This evidence was made competent by the provisions of section 830 of the Code of Civil Procedure.
The plaintiff was permitted to prove upon the trial that one Henry J. Sullivan recovered a judgment from Deliliah D. Wheeler, the mortgagor, on the 20th of November. 1884. This was objected to by the defendant, and the court received the evidence for the limited purpose of establishing that upon that day a money judgment was recovered against Mrs. Wheeler. I think this was competent evidence as bearing upon the question of good faith on the part of the mortgagor in executing and delivering the mortgage, under which the defendant claims title, and proof that execution was issued thereon against her property was prop *329 erly received for the same purpose. The rendering of the judgment and. the filing of the chattel mortgage occurred about the same time.
We have examined each and every one of the many other exceptions taken by the defendant upon the trial, and they present no error. •
Judgment and order affirmed, with costs.
Smith, P. J„; Haight and Bradley, JJ., concur.