NELSON L. BUTTON, PLAINTIFF, *v.* RATHBONE, SARD & CO., DEFENDANT.

43h 147
51ad 90

*Chattel mortgage — is valid, though not filed, against the claim of a general creditor —*
3 *R. S.* (*7th ed*) 2249.

This action was brought by the plaintiff to recover the value of a number of stoves, alleged to have been wrongfully converted by the defendant, a corporation, to which the stoves had been delivered by one Tulley, in satisfaction of a pre-existing debt. The defendant took possession of the stoves, and removed them to the city of Albany. The plaintiff, who claimed title to the stoves through a chattel mortgage executed by Tulley, which was not filed until after their removal, forbid the defendant from removing them, and informed its agent of his chattel mortgage.

*Held*, that, as the defendant's claim had never been reduced to judgment, the defendant was not a creditor within the meaning of the statute providing for the filing of chattel mortgages, and could not claim the benefit thereby conferred upon judgment creditors.

*Jones* v. *Graham* (77 N. Y., 628) followed.

M RTION for new trial by the defendant, on exceptions taken at the Monroe Circuit, and ordered to be heard at the General Term in the first instance.

*Horace McGuire*, for the plaintiff.

*G. L. Stedman*, for the defendant.

HAIGHT, J.:

This action was brought to recover the value of a number of stoves alleged to have been wrongfully converted by the defendant.

The plaintiff claimed title to the stoves through a chattel mortgage executed by one Tulley. The defendant, a corporation, claimed title as a creditor of Tulley, the stoves having been turned out to it in satisfaction of a pre-existing debt. The defendant took possession of the stoves and removed them to the city of Albany. The plaintiff forbid their removal, and at that time informed the defendant's agent of his chattel mortgage. The chattel mortgage was not filed until after such removal. The defendant's claim had never been reduced to judgment. The parties having agreed that the value of the property was $850, at the conclusion of the evidence the court directed a verdict in favor of the plaintiff for that amount. It is now claimed, first, that the chattel mortgage was absolutely void as against the defendant, the creditor of the mortgagor in possession of the property before the mortage was filed; second, that the court erred in refusing to allow the defendant to show that the mortgage was fraudulent.

The statute provides that a mortgage, or conveyance intended to operate as a mortgage, of goods and chattels which shall not be accompanied by immediate delivery, etc., shall be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof, shall be filed as directed by the statute. (3 R. S. [7th ed.], 2249.) The question necessarily turns upon the construction of this statute. In the case of *Southard* v. *Benner* (72 N. Y., 424), ALLEN, J., in delivering the opinion of the court says: "A creditor at large cannot assail an assignment or other transfer of property by the debtor as fraudulent against creditors, but must first establish his debt by the judgment of a court of competent jurisdiction, and either acquire a lien upon the specific property or be in a situation to perfect a lien thereon, and subject it to the payment of his judgment upon the removal of the obstacle presented by the fraudulent assignment or transfer." And, after referring to the statute, he again proceeds, saying, "The term 'creditors,' as used in the statute, includes all persons who are creditors of the vendor or assignor at any time whilst the goods remain in his possession or under his control. (2 R. S., 136, §§ 5, 6) A creditor, by simple contract, is within the protection of the statute as much as a creditor by judgment, but, until he has a judgment and a lien, or a

right to a lien upon the specific property, he is not in a condition to assert his rights by action as a creditor." (See, also, *Thompson* v. *Van Vechten*, 27 N. Y., 568; *Stewart* v. *Beale*, 7 Hun, 405; S. C., affirmed, 68 N. Y., 629; *The Manufacturers' National Bank* v. *Rober*, 19 Weekly Dig., 476; *Niagara County National Bank* v. *Lord*, 33 Hun, 557–564.)

But it is contended on the part of the defendant that it is not proceeding to seize and take into its possession the mortgaged property; that it is simply defending the possession previously acquired, and that to defend such possession it is not necessary that it should be a judgment creditor. We are, however, inclined to the view that no such distinction exists in the defendant's favor. The fact that it took possession of the goods and removed them, without process, after having been forbidden so to do by the plaintiff, does not improve or strengthen its position, or make defenses available that did not previously exist. Had the plaintiff forcibly resisted the taking of the goods, the defendant would have had to proceed by process, or else violate the public peace. If it was required to first procure a judgment establishing the validity and amount of its claim before it could proceed by process against the goods, it would seem to follow that it should have its claim established by a judgment, in order to defend the possession of the goods.

In the case of *Jones* v. *Graham* (77 N. Y., 628) the plaintiff claimed under a mortgage upon an engine, boiler, saw mill, planer, belts, saws, tables and other machinery, The mortgage was not filed as a chattel mortgage. The defendant claimed under the two subsequent mortgages which were filed, one of which was given to hinder, delay and defraud creditors, and the other was given to secure a pre-existing debt. The defendant removed the planer from the mill and converted it to his own use. It was held that the plaintiffs were entitled to recover; that the mortgage to Jones was, as between the parties, a valid mortgage of the chattels therein mentioned, and was void, because not recorded as a chattel mortgage, only as against creditors and purchasers in good faith; that the defendant, not having a judgment and execution, was not a creditor within the statute, etc. This case appears to be squarely in point. and we think must control the question under consideration. The defendant, not having a judgment, is not in position to claim the

benefit of the statute, and could not attack the mortgage as fraudulent.

Our attention has been called to the case of *Reynolds* v. *Ellis* (34 Hun, 47). In that case we held that a lease containing a mortgage clause, which was not filed in accordance with the provisions of the statute, was void as against an, assignee for the benefit of creditors. This case has recently been affirmed in the Court of Appeals. (7 Eastern Rep., 342.) DANFORTH, J., in delivering the opinion of the court, says: " The defendant (the assignee) represents creditors, and may treat as void all agreements made in fraud of their rights. (Laws of 1858, chap. 314.) He has greater power for this purpose than the creditor himself. The creditor can assert no right until by judgment and execution he has a lien, or a right to a lien, upon the specific property; but in favor of an assignee for his benefit, the legislature have substituted a statutory right in place of these conditions." This distinction may also serve to harmonize the authorities cited by the defendants' counsel, bearing upon the question of attaching creditors where the sheriff is proceeding under special power given by the statute. No other question is presented which we consider it necessary to discuss.

. The motion for a new trial should be denied, and judgment ordered for the plaintiff upon the verdict.

BRADLEY and CHILDS, JJ., concurred; ANGLE, J., not sitting.

Motion for new trial denied, and judgment ordered for the plaintiff on the verdict.