NELSON S. BUTTON, Respondent, v. RATHBONE, SARD & Co., Appellant.

*Court of Appeals, December 20, 1889.*

Reversing 43 Hun, 147.

*Chattel mortgage. Unfiled.*—A creditor, who, without knowledge of an unfiled chattel mortgage, receives a part of the mortgaged goods in payment of his precedent debt, is in a position to challenge the validity of the mortgage; and the exclusion of evidence on his offer, that the mortgage was fraudulent, is erroneous.

This action was brought to recover the value of certain personal property alleged to belong to plaintiff, and to have been converted by defendant, the property formerly belonged to one Tully. Plaintiff claimed title under a chattel mortgage executed by him; and defendant claimed under a subsequent bill of sale executed by him, the purchase price of which was credited on an indebtedness of Tully to

defendant. Plaintiff's mortgage was then unfiled, and defendant had no knowledge of it. On the trial, defendant offered to show that the mortgage was fraudulent and void, which was objected to and excluded.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a verdict directed by the court.

*Stedman, Thompson & Andrews*, for appellant.

*Horace McQuire*, for respondent.

POTTER, J.—There does not seem to be any serious controversy between the parties in relation to the facts in this case. Indeed nearly all the facts were alleged in plaintiff's complaint and all the facts were proved by the plaintiff's witnesses, either upon direct or cross-examination. When these proofs had been made the plaintiff rested and the defendant moved for a nonsuit which was denied and defendant excepted. Thereupon the defendant was proceeding to ask some further question of Tully, the mortgagor, in relation to his possession of the mortgaged goods and his pecuniary condition, when objection to the evidence was made by plaintiff and the court stated " that under the case of Jones *v.* Graham, 77 N. Y. 628, the defendant was not entitled to controvert plaintiff's title under his chattel mortgage and the case as it now stands." Defendant's counsel excepted to this view of the court.

The defendant then stated that under the ruling he would offer no further evidence and again moved for a nonsuit, which was denied and defendant excepted.

The defendant then asked to go to the jury, which was denied, and defendant excepted. The court then directed a verdict for the plaintiff, to which the defendant excepted.

It seems to me that the court below was, owing to the fault of counsel in trying the case, under a partial misappre-

hension of this case. Of course, an unfiled chattel mortgage is good between the parties to it, but the statute declares that such a mortgage shall be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith. Chap. 279, Laws of 1833; p. 2508, vol. 4, 8th ed. R. S. The court seems to have entertained the idea upon the trial that the defendant was a creditor of the mortgagor, and as such he required a judgment and execution in order to attack or defeat the plaintiff's right under his mortgage, and in that view the case of Jones *v.* Graham, 77 N. Y. 628, cited by the court, was entirely decisive. But it seems to me that that was not the attitude of the defendant. It was not claiming as a creditor but as a purchaser in good faith, and as such it had the clear right to question plaintiff's right under the mortgage.

The defendant had ceased to be a creditor of the mortgagor on the 13th of June, and then, as it claims, became a purchaser of these goods in good faith from the mortgagor.

The price or consideration paid for the goods was the credit upon and the cancellation of the debt of the mortgagor, and an extension of time and reduction of amount for the remainder of the debt. This was done between the defendant and Tully without any knowledge upon the part of the defendant of plaintiff's mortgage, and immediately thereafter the defendant took full and complete possession of the goods, and in a few days thereafter removed them to Albany. The sale by the mortgagor was upon good consideration, viz., the satisfaction and cancellation of his debt. If the mortgagor, Tully, had attempted or claimed the right to retake possession of the goods from the defendant, the purchase by the defendant would have been an effectual answer to the claim. If the defendant had brought an action against the mortgagor to recover his debt, this sale and credit would have afforded a perfect defense to the action.

It was never held that a debtor might not pay and dis-

charge his debt by the transfer of property to his creditor by an agreement between them to that effect, and it has always been held that such transfer was for a good and valuable consideration. It has often been held that a holder without notice of a note given and accepted in satisfaction of an antecedent debt, either before or after the debt was due, is a *bona fide* holder for a valuable consideration, even as against an accommodation indorser. " The satisfaction of a precedent debt is as truly a valuable consideration for the transfer of a note as an advance in cash of its amount at the time of its transfer." From that time the sole remedy is upon the note. Purchase *v.* Mattison, 13 Supr. 6 Duer, 587 ; Gould *v.* Segee, 12 N. Y. Supr. 5 Duer. 260–269.

Applying this principle to this case shows that the defendant's rights, from the time of the sale and purchase and the delivery of the goods and the giving of the credit in pursuance of the agreement, rested upon the title it acquired under the bill of sale. Youngs *v.* Lee, 12 N. Y. 551–554; Purchase *v.* Mattison, 16 N. Y. Supr. 3 Bos. 310 ; White *v.* The Springfield Bank, 3 Sand. 222.

There are several cases holding that as between a person claiming under an unfiled or void chattel mortgage and a purchaser in good faith in possession of the property covered by the mortgage, the latter will prevail. Weeks *v.* Zimmerman, 23 N. Y. State Rep. 56.

The case of Powers *v.* Freeman, 2 Lans. 127, is in harmony with these views and illustrates the leading features of this case. The question there was between the mortgagee of an unfiled mortgage, valid in any other respect, and a subsequent purchaser in good faith. The purchaser was ignorant of the existence of the mortgage, and the consideration of the purchase was the application of the price towards the payment and satisfaction of a precedent debt past due. In that case the action was brought by the purchaser against the mortgagee, who had taken possession of the property under his unfiled mortgage, and it was held

the plaintiff was a purchaser in good faith and as to him the mortgage was void. The defendant in the case cited gave evidence upon the trial that plaintiff knew of the chattel mortgage, but the jury found that she had not knowledge of it, and that the purchase price was paid by application upon a precedent debt and that the plaintiff was a purchaser in good faith. In the case under consideration the proof in respect to the absence of knowledge by the defendant of the existence of plaintiff's mortgage, and the existence of the debt and the application of the price of the goods to its payment, would seem to be uncontradicted and would have justified a nonsuit or the direction of a verdict in favor of defendant. But the defendant did not make the latter motion. Nevertheless, it seems to me very clear that the defendant's title as a purchaser in good faith should have been submitted to the jury, and for that error the order and judgment should be reversed and a new trial granted, costs to abide the event.

FOLLETT, Ch. J.—The defendant having acquired title to and possession of the chattels involved in this action, without notice or knowledge of the plaintiff's unfiled chattel mortgage, was in a position to challenge its validity.

The court erred in refusing to permit the defendant to show the mortgage was fraudulent, for which error the judgment should be reversed and a new trial granted.

VANN, PARKER and BROWN, JJ., concur.

Judgment reversed and new trial granted, costs to abide event.

All concur in the result, except BRADLEY and HAIGHT, JJ., not sitting.