NELSON L. BUTTON, Respondent, *v.* RATHBONE, SARD & Co., Appellant.

A mere creditor at large, without some process for the collection or enforcement of his debt, is not in a position to question an unfiled chattel mortgage given by his debtor, which is otherwise valid.

The provision of the act of 1833 (Chap. 297, Laws of 1833), declaring such mortgages void as against "the creditors of the mortgagor," means creditors armed with some legal process which authorized them to seize property, such as an execution or attachment.

The provision of said act declaring such a mortgage void as against "subsequent purchasers and mortgagees in good faith," does not apply to one who has taken a subsequent mortgage as security for a precedent debt, or to a purchaser who has merely given credit for the purchase-price of the property upon a precedent debt; at least, when it does not appear that the debt was actually and absolutely released or extinguished by the transaction.

*It seems* that a mortgagee, by setting the chattels mortgaged aside from other property of the mortgagor and marking the articles with his own name, does not thereby secure any such immediate delivery and actual and continued change of possession of the chattels as the statute requires in order to obviate the necessity of filing the mortgage, or to preserve its lien as against the parties named in the statute.

For *mem.* of decision on former appeal, see 118 N. Y. 666.

(Argued March 10, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, in favor of plaintiff, entered upon an order made the first Tuesday of January, 1891, which denied a motion for a new trial on exceptions ordered to be heard in the first instance at General Term, and directed judgment on a verdict.

This action was brought to recover the value of certain personal property alleged to belong to plaintiff and to have been converted by defendant.

The facts, so far as material, are stated in the opinion.

*Arthur L. Andrews* for appellant. The defendant was a *bona fide* purchaser, and as against it the mortgage was void under the statute. (2 Kent's Comm. 512; *Button* v. *R., S. &*

·Co., 27 N. Y. S. R. 938, 940; *Weeks* v. *Zimmerman,* 23 id. .56; *Powers* v. *Freeman,* 2 Lans. 127; *Day* v. *Saunders,* 3 Keyes, 347; *Brown* v. *Leavitt,* 31 N. Y. 113; *P. Ins. Co.* v. *Church,* 81 id. 218, 225; *Parshall* v. *Eggert,* 54 id. 23; *Robinson* v. *Cropsey,* 6 Paige, 480; *Baker* v. *Thrasher,* 4 Den. ·493; *Macauley* v. *Porter,* 71 N. Y. 173.) Both the trial ·court and the General Term erred in holding that the defend-·ant might attack the validity of the chattel mortgage under the Statute of Fraudulent Conveyances, but could not under ·the statute requiring filing. (4 R. S. 2508, 2591, §§ 1, 5; ·*Crisfield* v. *Bogardus,* 18 Abb. [N. C.] 335; *Southard* v. *Benner,* 72 N. Y. 424.) If the agreement between the defend-·ant and Tully be held not to constitute an accord and satisfaction, then defendant was a creditor rightfully in possession without notice, and as to it the mortgage was void. (*Frost* v. *Mott,* 34 N. Y. 252; *Rinchey* v. *Stryker,* 26 How. Pr. 75; *Greenleaf* v. *Mumford,* 30 id. 30; *Anderson* v. *Hunn,* 5 Hun, 79; *Dutcher* v. *Swartwood,* 15 id. 31; *Parshall* v. *Eggert,* 54 N. Y. 18; *Southard* v. *Pinckney,* 5 Abb. [N. C.] 191; *Southard* v. *Benner,* 72 N. Y. 424; *Rosenberg* v. *Block,* 102 id. 255; *Sullivan* v. *Miller,* 106 id. 641.) The court erred in charging the jury that plaintiff had a right to leave the mortgage off the record if they did it it for an honest· purpose, and in denying defendant's motion for a verdict on the same ground. (*Barrett* v. *Zacharias,* 24 Hun, 304, 306; *Thompson* v. *Blanchard,* 4 N. Y. 303.) The court erred in .declining to charge the jury that if these goods were offered for sale in the ordinary course of business, with the knowledge of plaintiff, that this was an act of fraud. (*Hangen* v. *Hachemeister,* 114 N. Y. 566, 571; *Potts* v. *Hart,* 99 id. 168; *Russell* v. *Winne,* 37 id. 591.) Security and certainty in business transactions require that dealings of the nature of those had by defendant with Tully be upheld. (*Southwick* v. *F. N. Bank,* 84 N. Y. 435.)

*William F. Cogswell* for respondent. The defendant was not .a *bona fide* purchaser in good faith, and as against it the plain-

tiff's mortgage was not void because unfiled. (Laws of 1833, chap. 279; *Jones* v. *Graham,* 77 N. Y. 628; *Kennedy* v. *National Bank,* 23 Hun, 494; *Van Heusen* v. *Radcliff,* 17 N. Y. 580; *Bay* v. *Coddington,* 5 Johns. Ch. 54.) The point that the act of keeping the chattel mortgage off from the record, at the request of Tully, in order that it might not injure his credit, was a fraud and entitled the defendant to a verdict, as matter of law, was not well taken, either as matter of fact or matter of law. (*Thomas* v. *Kelsey,* 30 Barb. 268, 275.)

O'Brien, J. The appeal in this case involves the title to certain personal property which the owner, at the time, transferred to both parties to the action, at different dates and under different circumstances. Thus far the claim of the plaintiff has prevailed. The property, consisting of a quantity of stoves and their outfit, was originally sold and delivered by the defendants to one Francis Tully on credit. On the 13th of June, 1884, the defendants' debt remaining due and unpaid, Tully, by instrument in writing, sold and transferred the property to the defendants in consideration of $968.65, which the defendants credited upon the account against Tully. The total amount of the defendants' debt was about $2,000, and, at the time of receiving the written transfer of goods from Tully, they executed and delivered to him an instrument, whereby they promised and agreed, within twenty days, and upon payment of the sum of $1,000 to them by Tully, to reconvey and transfer the property to anyone whom he might designate; and also to release and discharge all indebtedness which they then held against him, but in case of non-payment of this sum, within the time specified, the instrument was to become void. The defendants took possession of the property, and, as the $1,000 was not paid, retained it under the transfer. But, prior to this transaction with the defendants, and on the 20th of March, 1884, Tully borrowed of the plaintiff $1,200 in cash, giving his note therefor, payable three months from that date, with interest, and to secure the payment of the same when

due, he executed and delivered to the plaintiff a chattel mortgage on the property in question.    The goods were set apart from the other property in the store of the mortgagor, and to each article tags were affixed with the plaintiff's name written thereon, but the mortgage was not filed till June 23, 1884, and after the property had been transferred and actual possession thereof delivered to the defendants.    The mortgage to the plaintiff was also conditioned to secure him for indorsements upon the notes of Tully, upon which he was subsequently made liable and a part of which he paid.    The defendants, at the time of the transfer to them, had no knowledge of the exist-ence of the plaintiff's claim and resisted his demand for the property, alleging in the answer, that his mortgage was fraud-ulent.    On a former trial, it was held that the defendants had no standing in court to question the plaintiff's title, under the unfiled chattel mortgage, and the value of the property being undisputed, a verdict was directed for the plaintiff.    This ruling was held to be errneous and, upon appeal, the judgment was reversed.    (*Button* v. *Rathbone, Sard & Co.*, 118 N. Y. 666.)

On the new trial, which resulted in the judgment now under review, the question of fraud in plaintiff's mortgage was submitted to the jury, and must be regarded as settled by the verdict in the plaintiff's favor.    The plaintiff's mortgage is prior in point of time, must be regarded, after the verdict, as free from fraud and, beyond dispute, was given upon a valuable consideration.    His omission to file it rendered it void only as against the parties specified in the statutes, namely: "the creditors of the mortgagor and subsequent purchasers and mortgagees in good faith."    (Laws 1833, chap. 279, § 1.)

The plaintiff, by setting the property apart from the rest, in the store of the mortgagor, and marking the articles with his name by the use of tags, did not secure any such immediate delivery and such an actual and continued change of possession of the property as the statute requires, in order to obviate the necessity of filing the mortgage so as to preserve its lien as

against the parties named in the statute. (*Steele* v. *Benham*, 84 N. Y. 634.)

The claim which the plaintiff obtained to the property by the execution and delivery to him of the mortgage and the payment of the consideration must prevail unless it can be shown that the defendants are either creditors of Tully, or subsequent purchasers or mortgagees in good faith from him within the meaning of these terms as used in the statute. If the question was new much might be said in favor of the construction which the learned counsel for the defendants ask us to give to the statute; but we think that these terms have, from the course of adjudication, in this state, obtained a settled meaning adverse to his contention.

The term " creditors of the mortgagor " has been defined by these decisions to be a creditor armed with some legal process which authorizes him to seize the property, such as an execution issued upon a judgment or an attachment. A mere creditor at large, without some process for the collection or enforcement of his debt, is not in a position to question an unfiled mortgage given by his debtor which is otherwise valid. (*Jones* v. *Graham*, 77 N. Y. 628 ; *Kennedy* v. *National Union Bank*, 23 Hun, 494.)

The defendants cannot be considered as claiming any rights as creditors. Their claim is under the written instruments above described, and whether this transfer is to be treated as an absolute sale or as a mortgage its sufficiency as against the plaintiff must depend upon the consideration paid by the defendants. The statute declaring unfiled chattel mortgages void, as against subsequent purchasers and mortgagees in good faith, has been construed in analogy with the rule that has prevailed in this state in regard to negotiable paper and conveyances of real estate under the Recording Act. This rule was stated by Judge DENIO in *Van Heusen* v. *Radcliff* (17 N. Y. 580) as follows : " When the act respecting the filing of chattel mortgages was passed, the term *bona fide* purchaser had acquired a settled meaning which did not include a person whose purchase was on account of an existing debt and who parted with

no property or right to obtain his conveyance," and again: "When a conveyance is said to be void against creditors, the reference is to such parties when clothed with their judgments and executions, or such other titles as the law has provided for the collection of debts." In determining the rights of the parties, under conflicting claims or transfers of personal property, these rules have been uniformly applied by the courts in this state. (*Jones* v. *Graham, supra ; Thompson* v. *Van Vechten,* 27 N. Y. 568 ; *Stevens* v. *Brennan,* 79 id. 254 ; *Marsden* v. *Cornell,* 62 id. 215 ; *Weaver* v. *Barden,* 49 id. 286.)

The defendants having merely given credit for the value of the goods upon a pre-existing debt against Tully, were not subsequent purchasers or mortgagees in good faith, within the statute. There is no claim that the debt was actually and absolutely released or extinguished by the transaction, and hence it is unnecessary to inquire whether the principle so frequently applied to transactions with banks in regard to negotiable paper has any application to transfers of personal property within the statute providing for the filing of chattel mortgages. (*Bay* v. *Coddington,* 5 Johns. Ch. 57 ; 20 Johns. 637 ; *P. Ins. Co.* v. *Church,* 81 N. Y. 218 ; *Mayer* v. *Heidelbach,* 123 id. 332.)

The facts failed to show that the defendants occupied such a position as the statute requires, in order to enable them to overcome the prior transfer to the plaintiff, and the judgment appealed from must, therefore, be affirmed.

All concur.

Judgment affirmed.