(10 Misc. Rep. 460.)

### BULENA et al. v. NEWMAN.

(Superior Court of Buffalo, General Term.   December 10, 1894.)

LABELS—COUNTERFEIT—SALE OF GOODS.

Laws 1893, c. 219, making it an offense to use any counterfeit or colorable imitation of a label adopted to designate the product of the labor of the members of a labor union, does not make knowledge or intent an ingredient of the offense; and an allegation in the complaint, in an action to recover the penalty prescribed by the statute, that defendant knew that the label was counterfeit, and used with intent to injure plaintiffs, is mere surplusage.

Appeal from municipal court.

Action by Anthony Bulena and others against Henry Newman to recover a penalty for selling cigars bearing a counterfeit label.   There was a judgment in favor of plaintiffs, and defendant appeals.   Affirmed.

Argued before TITUS, C. J., and WHITE, J.

Mr. Sawyer, for appellant.

Frederick Haller, for respondents.

WHITE, J.   Chapter 385 of the Laws of 1889 provides that every union or association of workingmen adopting a label intended to designate the product of the labor of its members shall, in order to obtain the benefits of that act, file duplicate copies of such label in the office of the secretary of state of this state; and that any such union or association adopting such label may proceed, by suit in any court of record of the state, to enjoin the manufacture, use, display, or sale of counterfeits or colorable imitations of such label, or of goods bearing the same; and that the complainant in such a suit may recover damages and profits from the offender.   The act also prohibits and

provides for enjoining the unauthorized use or display of genuine labels. Chapter 219 of the Laws of 1893 makes it a penal offense for any person to manufacture, use, display, or keep for sale any counterfeit or colorable imitation of any such label, and authorizes the recovery of a penalty of $200 by any person aggrieved. The plaintiff's are members of the Cigar Makers' Union No. 2 of Buffalo, N. Y., which is a local or branch union of the Cigar Makers' International Union of America, which is an association or union of workingmen, within the meaning of the statutes above mentioned, the members of which are engaged in the business of making cigars. The International Union was located at Chicago, in the state of Illinois, with more than 3,000 local or branch unions in different places in the United States, including one or more in the state of Pennsylvania. The International Union had filed duplicate copies of a label in the office of the secretary of state of this state, intended to designate the product of the labor of its members pursuant to the act of 1889. On July 24, 1893, the defendant was, and for many years had been, a wholesale dealer in tobacco and cigars at Buffalo; and on that day he sold to the plaintiff, Bulena, a box of cigars bearing a counterfeit or colorable imitation of the label so as aforesaid filed by the International Union. The defendant purchased said box of cigars, together with a large number of other boxes of cigars of the same brand, from a manufacturer in Pennsylvania, every box of which bore the same spurious label. At all times, until after the sale to Bulena, the defendant believed said labels to be genuine.

It is strenuously urged by the appellant that the evidence does not justify the finding by the trial court that the label on the box of cigars sold to Bulena is spurious, but we think it does. The two labels were examined by the court below, and its conclusion as to the character of the one in question seems to be based upon sufficient evidence. The purpose of the label upon the box of cigars was to represent that the cigars within the box were made by union men. It was affixed to the box of cigars as a means of certifying to that fact, and, whatever the fact may have been, the evidence of it was a counterfeit or colorable imitation of the label adopted by the union, and that was the use of a spurious label, within the meaning of the statute. The counterfeit label was neither manufactured, displayed, nor sold by the defendant; but it was clearly used for the purpose of designating the cigars within the box as the product of the labor of members of the union, and that was a violation of the law. If the defendant himself had affixed the spurious label to the box of cigars, its character and efficacy as evidence or as the representation of a fact would have been precisely what it was when affixed by the defendant's vendor.

The defendant had no knowledge that the label on the box of cigars sold to Bulena was counterfeit; in truth, he believed it to be genuine; and it is urged that for that reason this action is not maintainable. The action is brought upon the theory, and the complaint alleges, that the defendant did know the real character of the label used, and that in using it he intended to injure the plaintiffs, and no

evidence whatever was given by the plaintiffs in support of those allegations. The appellant, therefore, very plausibly insists that no recovery can be justified, and cites the cases of Cheese Co. v. Murtaugh, 50 N. Y. 314; Low v. Hall, 47 N. Y. 104, and Blatz v. Rohrbach, 116 N. Y. 450, 22 N. E. 1049, and others, as authorities for his contention. As he contends, it is well settled that a penal or punitive statute cannot be extended by implication so as to embrace cases not within its terms, even though they be within the mischief sought to be prevented. But all these authorities relate to statutes which make knowledge or an intent to injure or defraud an ingredient in the offense prohibited. But another line of decisions, equally controlling, clearly establishes as the law of this state that, when a penal statute does not make such knowledge or intent an ingredient in the offense prohibited, it is not necessary to allege or prove it in an action to recover the penalty for a violation of the statute, nor, in fact, in a criminal prosecution by indictment. People v. Kibler, 106 N. Y. 321, 12 N. E. 795; People v. West, 106 N. Y. 293, 12 N. E. 610. The allegations of knowledge and intent to injure contained in the complaint should be treated as surplusage. Purchase v. Matteson, 6 Duer, 587; Quintard v. Newton, 5 Rob. (N. Y.) 72; Dickinson v. Devlin, 46 N. Y. Super. Ct. 232.

The judgment appealed from should be affirmed, with costs.