WILLIAM C. DOIG, Appellant, *v.* ALONZO A. HAVERLY and Others, Respondents.

*Chattel mortgages — improperly filed — a consideration of an antecedent debt does not make a subsequent mortgagee a holder for value — Laws 1833, chap. 279, § 1.*

The statute relative to the filing of chattel mortgages will not, as against the holder of a prior unfiled chattel mortgage, avail a subsequent mortgagee whose mortgage was given to secure an antecedent debt of which the time of payment was not extended. Such a person is not a mortgagee " in good faith " within the meaning of the statute.

In an action brought for the conversion of personal property it appeared that on November 30, 1891, the defendants took a chattel mortgage to secure an antecedent debt from Thomas Milward, then living in the town of Tompkins, and that they filed it in the town of Walton; that Milward subsequently removed to Walton, where the mortgage was refiled on December 1, 1892, and on November 25, 1893; that on June 2, 1893, the plaintiff, without actual notice of the defendants' mortgage, took and filed in the town of Walton a chattel mortgage on the same property, given by Milward, then resident there, the consideration of which was an antecedent debt; that this mortgage was never refiled; that on July 18, 1894, the defendants took the property described in both mortgages and sold it to satisfy Milward's indebtedness to them. Thereupon the plaintiff brought an action for conversion.

*Held,* that the defendants had the better title;

That the plaintiff was not a subsequent mortgagee in good faith who had parted with value, and, therefore, was not entitled to the protection of the statute.

APPEAL by the plaintiff, William C. Doig, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Delaware on the 28th day of January, 1895, upon the decision of the court rendered after a trial at the Delaware Circuit before the court without a jury.

The plaintiff in this action sought to recover for the alleged conversion of certain personal property described in the complaint, to which the defendants in their answer claimed title by virtue of a certain chattel mortgage. In the conclusions of law the trial judge found that " the defendants' mortgage being prior in time, and being in full force and operation as against the plaintiff's mortgage, they had a prior right to the possession of the property in question, and to take and sell the same for the satisfaction of their debt. Therefore, no cause of action accrued to the plaintiff by reason of such taking, and his complaint in this action must be dismissed, with costs."

*Neish & More,* for the appellant.

*A. G. Patterson,* for the respondents.

PER CURIAM :

At the close of the evidence given in the case the parties expressly waived a jury and submitted the questions of fact and of law to the court. Thereafter, findings of fact were made and a conclusion of law stated. We are of the opinion that the evidence warranted the findings of fact made by the trial judge. The questions of law are clearly and fully discussed in an opinion delivered by the trial judge, which meets with our approval, and we, therefore, affirm the judgment upon the opinion of the trial judge.

Present— HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment affirmed with costs on the opinion of PARKER, J., delivered at the Circuit.

The following is the opinion referred to :

CHARLES E. PARKER, J. :

The defendants, Haverly and Wilcox, on the 30th of November, 1891, took a chattel mortgage from one Thomas Milward to secure an indebtedness that had for some time existed from him to them. Milward was then living in the town of Tompkins, Delaware county, and such mortgage was filed in the town of Walton. No sufficient copy was ever filed in the town of Tompkins. Milward subsequently removed to the town of Walton, and a copy of such mort-

gage was refiled in that town December 1, 1892, and another copy was refiled in such town November 25, 1893.

On the 2d day of June, 1893, the plaintiff, without actual knowledge of the defendant's mortgage, took from said Milward a chattel mortgage on the same property to secure the payment of a note which he then held against Milward for the sum of $122.82. Such mortgage was filed on that day in the town of Walton, where Milward then resided, but it was never refiled. On the 18th of July, 1894, the defendants took the property described in such mortgages and sold it for the satisfaction of their said debt, and the plaintiff brings this action to recover the value of the property so sold.

The question is, who has the better right to the mortgaged property? If the plaintiff was a mortgagee in good faith, the defendants' mortgage was utterly void as against him, because it had never been properly filed. (Laws of 1833, chap 279, § 1.) And the fact that plaintiff's mortgage was not refiled within the year, and that on July 18, 1894, when defendants took the property, neither mortgage was properly on file does not alter the case. Though defendants were creditors of the mortgagor at that time, they were not such creditors as could avail themselves of plaintiff's omission to refile his mortgage. They were not armed with any legal process which authorized them to seize the property. (*Button v. Rathbone, Sard & Co.*, 126 N. Y. 187.)

But the defendants' mortgage being prior in point of time it gave them the prior right to the property, unless their omission to file it rendered it void as against the plaintiff, and it did not become void under the statute unless the plaintiff occupied the position of a subsequent mortgagee *in good faith.* It appears from his complaint that on or about May 17, 1893, he sold feed to Milward of the value of $122.82, and took his note for that amount, dated on that day and payable in ninety days. On June 2, 1893, he took the mortgage in question, from which it also appears that the indebtedness was incurred as above stated, and that the mortgage was given to secure it.

It seems clear, therefore, that the mortgage was given to secure a precedent debt, and for such reason he was not a *bona fide* mortgagee within the meaning of the statute. (*Jones v. Graham*, 77 N. Y. 628; *Button v. Rathbone, Sard & Co.*, 126 id. 187.)

The plaintiff, however, seeks to avoid the operation of this rule by testifying that at the time the mortgage was taken Milward said that he could not pay the note when it became due, and that he would like further time on the note, and that he would give the security on condition that the note was to be renewed, and that thereupon the mortgage was taken. There is no extension of time provided for in the mortgage, nor does the evidence disclose that any valid agreement to extend the time of payment for a definite period was ever concluded. Possibly Milward expected that the note would be renewed, but plaintiff does not testify that he agreed to do so, nor does the evidence show that he was under any contract to do so. Had he sued the note when it became due no fact is disclosed that would have prevented his recovering judgment thereon, though probably he could not in that event have held the mortgaged property. Moreover, if there was a contract to extend the time of payment for a definite period, on condition that the mortgage be given, we would hardly expect the mortgage to have been so drawn that the mortgagor would be in default on the very day the note became due. It does not appear that the plaintiff parted with any value, or gave up any right on the faith of the mortgage, and hence he is not a mortgagee in good faith. (*Cary* v. *White*, 52 N. Y. 138.)

I conclude, therefore, that the defendants were entitled to the property in question, as against the plaintiff, and that this action cannot be maintained.