BRIGGS v. GELM, Sheriff, et al.

(Supreme Court, Appellate Division, Fourth Department.   November 13, 1907.)

1. CHATTEL MORTGAGES—CHANGE OF POSSESSION—FRAUD—STATUTES.

Where a chattel mortgage was not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the mortgaged property, the mortgage was presumptively fraudulent, and conclusively so unless it was shown by the party claiming under it to have been given in good faith and without fraudulent intent, as provided by 2 Rev. St. p. 136, pt. 2, c. 7, tit. 2, § 5.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, §§ 367, 368, 372.]

2. SAME—FRAUDULENT AGREEMENT.

Where the property covered by a chattel mortgage consisted largely of unfinished knit goods, some of which was not in process of manufacture, and the value depended on its being worked into garments, an agreement that the property should be worked up sold, and the proceeds, after paying necessary expenses of manufacture, should be exclusively applied to payment of the mortgage debt, would not render the mortgage fraudulent; but it would be otherwise if the agreement was that the mortgagors should retain possession and use the mortgaged property for their own purposes, and to pay other debts not secured by the mortgage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, § 410.]

3. APPEAL—VERDICT—REVIEW—EVIDENCE.

The verdict of a properly instructed jury will not be set aside on appeal as contrary to the evidence, unless it appears that the jury were actuated by favor, prejudice, or passion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3912–3915.]

4. SAME—DELAY.

Where judgment was not entered on a verdict in favor of plaintiff until more than 2 years after the trial, which occurred 11 years before the case was disposed of on defendants' appeal, defendants had not moved with sufficient expedition to entitle them to a reversal on the ground that the verdict, which had been sustained by the trial judge on a motion for a new trial, was contrary to the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3948–3950.]

5. CHATTEL MORTGAGES—FILING—DELAY.

A delay of two days after the execution of a chattel mortgage before it was filed was not unreasonable within Laws 1833, p. 402, c. 279, § 1, providing that, where the filing of a chattel mortgage is unreasonably delayed, it shall be conclusively presumed to be fraudulent.

Appeal from Trial Term, Chautauqua County.

Action by Jennie Briggs, as assignee of Elihu S. Briggs, for the benefit of his creditors against John Gelm, as sheriff of Chautauqua county, and another. From a judgment on a verdict in favor of plaintiff, and from an order denying defendants' motion, for a new trial on the minutes, they appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

A. Frank Jenks, for appellant.
John G. Wicks, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was brought by the assignee for the benefit of creditors of Elihu S. Briggs against the sheriff of Chautauqua county and his deputy to recover for the conversion of personal property. The plaintiff claimed title to the property under a chattel mortgage and a foreclosure sale thereunder. The defendants took and held the property under an execution against the mortgagors, and claimed that the mortgage was void, in that it was given with intent to hinder, delay, and defraud their creditors, some of whom were represented by defendants under the execution. The mortgage was given to the plaintiff Briggs and his mother. It was filed the second day after it was given, and was refiled at the end of the year. The mother's interest in the mortgage and the property was transferred to Briggs about a year after the mortgage was given. The property remained in the possession of the mortgagors one year and three months after the giving of the mortgage, and then the mortgage was foreclosed and the property bid in by Briggs. A month later, Briggs made the assignment, and a month after the assignment the defendants took the property under the execution. The mortgage, not having been accompanied by an immediate delivery and followed by an actual and continued change of possession of the mortgaged property, was, under the statute, presumptively fraudulent, and was conclusively so unless it was shown on the part of the party claiming under it that it was given in good faith and without a fraudulent intent. 2 Rev. St. p. 136, pt. 2, c. 7, tit. 2, § 5, which was in force when this mortgage was given and until 1897, when this statute was replaced by section 25 of the personal property law (chapter 417, p. 511, Laws 1897). The new statute excludes chattel mortgages from the section. The burden of proof, therefore, as to fraud was upon the plaintiff. In order to establish the validity of the mortgage under which he claimed title, he must establish good faith and the absence of fraudulent intent. Evidence was given by the parties respectively bearing upon this question, and the jury found with the plaintiff that there was no fraud in the inception of the mortgage.

The principal question presented here is whether, considering that the burden of proof was upon the plaintiff, the finding of the jury was supported by the evidence, or was contrary to the evidence within the well-established rules applicable to such questions. The particular

fraud claimed by the defendants to have been committed was that, in effect, the mortgagors and mortgagees agreed when the mortgage was given that the mortgagors should retain the possession of the mortgaged property, and should use the same for their own purposes and for the payment of other debts than that secured by the mortgage. If that was the case, then the mortgage was to be used as a cover to prevent other creditors from reaching it, and in a legal sense was given to hinder, delay, and defraud creditors, and was therefore fraudulent and void. The plaintiff claimed, however, that no such agreement existed; that the property was largely unfinished knit goods, some of it not in the process of manufacture at all; that the value of the property depended upon its being worked up into garments, so as to be put on the market and sold; and that the agreement was that the property was to be worked up into finished garments and sold, and the proceeds, after paying the necessary expenses of manufacture, were to be applied exclusively and solely to the payment of the mortgage debt. If such was the case, then the mortgage was not fraudulent in its inception, but was one the parties might lawfully and properly make. The court very fully and fairly instructed the jury as to those principles of law, and went over the evidence in considerable detail, so that the jury must have understood what they were doing as to this branch of the case.

It is said by the defendants that there was not only a preponderance of direct evidence as to the making of the fraudulent agreement in giving the mortgage, but that there was also a preponderance of evidence as to the manner in which the property was dealt with after the giving of the mortgage, in that the proceeds were applied to the payment of other debts than those secured by the mortgage, and that the mortgagees had knowledge of such application and consented to it. The law was correctly stated to the jury bearing upon this latter question, and the evidence relating thereto was commented upon, so that the jury must have understood what they were doing as to this branch of the case also.

We are thus brought to the question whether we should set aside the verdict of the jury as contrary to the evidence. In order to do this, we must conclude that the jury were actuated by favor, prejudice, or passion. Layman v. Anderson, 4 App. Div. 124, 38 N. Y. Supp. 883, cited, approved, and followed in More v. Knox, 52 App. Div. 145, 64 N. Y. Supp. 1101. Looking over the record, and considering the evidence as it appears in print, it seems as though the defense made a strong case in answer to the plaintiff's claim of good faith and the absence of fraud, but we cannot see the parties and the witnesses, nor observe their appearance and manner of testifying, as the jury could and as the trial judge could. After verdict a motion was made for a new trial upon the minutes, and the judge who had presided at the trial was called upon to consider this question, and with his knowledge of the case acquired on the trial, he declined to grant a new trial. The trial took place more than 11 years ago. The judgment was not entered upon the verdict until more than two years after the trial; and, under the circumstances, we think it would not be

proper now to set aside the verdict and grant a new trial upon this ground. The defendants should have proceeded with the case more expeditiously, if they desired a retrial of the case for this reason. It cannot be said that there was such a delay in filing the mortgage after it was given that it was not filed as provided by the statute, and therefore the presumption of fraud was a conclusive one, under section 1, c. 279, p. 402, Laws 1833. There was a delay of less than two days, which was not unreasonable. The court, on the trial, was asked to charge that such delay was unreasonable, and very properly refused so to instruct the jury.

We think there are no other reasons suggested, no errors in the admission of evidence, or in charging the jury that call for a reversal of the judgment or order.

Judgment and order affirmed, with costs. All concur.