THE SOUTH SHORE BANK OF STATEN ISLAND, Appellant, v. HENRIETTA R. WOOD, Individually and as Executrix, etc., of MORTIMER W. WOOD, Deceased, and Others, Defendants, and TOTTENVILLE NATIONAL BANK, Respondent.— Order denying plaintiff's motion to strike out the first and third defenses of defendant bank in an action upon a promissory note, and to reform the note and establish an equitable lien and mortgage, reversed on the law, in so far as appealed from, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion the defenses as pleaded are insufficient to establish an equitable estoppel. (*Rothschild* v. *Title Guarantee & Trust Co.,* 204 N. Y. 458.) Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur.

JACOB SCHUTZBANK, Respondent, v. COLONIAL DISCOUNT CO., INC., Appellant. — Order denying, on reargument, defendant's motion for judgment on the pleadings and awarding judgment to plaintiff, and the judgment entered thereon, reversed on the law, with ten dollars costs and disbursements, and defendant's motion granted to the extent of dismissing the complaint, with ten dollars costs. Defendant is the owner and holder of a chattel mortgage executed by the Woodhaven Motor Sales, Inc., covering a Plymouth automobile. The mortgage is dated June 9, 1934, and was filed June 12, 1934. The automobile was delivered by the Woodhaven corporation to one Schwartz on June 11, 1934, and on July first or second Schwartz sold it to one Goldfeder, who borrowed the purchase price from plaintiff and executed a chattel mortgage to plaintiff to secure payment of the loan. This chattel mortgage is dated July 2, 1934, and was filed July 3, 1934. When Schwartz acquired title to or possession of the automobile on June 11, 1934, the consideration was not a present one but was money previously paid by him to Woodhaven. Under the circumstances Schwartz was not a purchaser in good faith within the meaning of section 230 of the Lien Law. (*Button* v. *Rathbone, Sard & Co.,* 126 N. Y. 187.) In view of the fact that the defendant's mortgage was executed on Saturday, June 9, 1934, and filed June 12, 1934, it cannot be said as matter of law that the delay in filing the defendant's chattel mortgage was unreasonable. (*Matter of Paramount Finishing Corp.* [*Sheckell*], 234 App. Div. 891; affd., 259 N. Y. 558; *Briggs* v. *Gelm,* 122 App. Div. 102.) Johnston and Taylor, JJ., concur; Lazansky, P. J., concurs in result; Young and Carswell, JJ., dissent and vote to affirm.

TITLE GUARANTEE AND TRUST COMPANY, Respondent, v. CAUSEWAY HOLDING Co., INC., and Others, Defendants, and CHEMICAL BANK AND TRUST COMPANY, Respondent, Impleaded with LAWRENCE GOLF LINKS, INC.; Appellant; JACOB LEVY, Receiver, Respondent.— Resettled order vacating and setting aside an order authorizing a receiver to extend a lease of property under foreclosure and restoring the receiver's motion to the calendar for hearing and determination affirmed, with ten dollars costs and disbursements. The motion should be brought on for hearing on five days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.