(21 Misc. Rep. 681.)

## EASTERN BREWING CO. v. FEIST.

(Supreme Court, Appellate Term.  November 24, 1897.)

CHATTEL MORTGAGES—RECORD—NOTICE.

At the time a chattel mortgage was executed, the mortgagee was informed by the notary of the existence of a prior, unrecorded mortgage, which had been acknowledged before him, and thereupon, before the execution of the second mortgage, the affidavit of the mortgagor was altered by the mortgagee so as to show the existence of a prior mortgage for a certain amount on part of the property. *Held,* that as to such part, at least, the mortgagee was chargeable with notice of an outstanding lien.

Appeal from First district court.

Action by the Eastern Brewing Company against Charles Feist. From a judgment for plaintiff, defendant appeals.     Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Greene & Johnson, for appellant.

J. C. Guggenheimer, for respondent.

BISCHOFF, J.     The plaintiff held a chattel mortgage upon the saloon fixtures contained in the premises No. 92 Lewis street, one Katie Gelb being the mortgagor, and this action was brought for conversion of the chattels by the defendant, who had succeeded to the occupancy of the premises, and had refused to deliver the property to the plaintiff upon demand duly made in accordance with the rights of the latter under the mortgage, the circumstances being such as to entitle the plaintiff to possession as against the mortgagor. The defendant claimed title by virtue of the purchase of the chattels at a sale had under foreclosure of a mortgage, prior in date to that held by the plaintiff, but which had not been placed on record at the time when the last-mentioned paper was executed; and the issue in the case was as to whether or not the plaintiff had, or was chargeable with, actual notice of this earlier mortgage, sufficient to give it validity, as between these parties, notwithstanding the failure to file it, for which failure, as against subsequent bona fide

purchasers and incumbrancers, the statute rendered it void. This prior mortgage was held as security for the purchase price of the chattels, and had been executed, to the party who had manufactured them, by Isidor Gelb, the husband of the plaintiff's mortgagor, and from whom she derived title by a bill of sale. One Newman, a notary public, knew of the existence of the mortgage given by Isidor Gelb, and, when called upon to take the acknowledgment of Katie Gelb, upon the execution of her mortgage to the plaintiff, he stated to Katz, the president of the company, and its sole representative at the time, that there was this outstanding lien. Newman testified that he had refused to take the acknowledgment of the mortgagor, since the instrument, in so far as it recited the absence of all prior liens, contained, to his knowledge, a statement which was not true; and while this witness' testimony, with regard to certain statements made by Katz during the transaction, was contradicted by the latter, it was admitted that Newman had spoken to him of this earlier mortgage, and that an affidavit, annexed to the present mortgage, and prepared by the plaintiff for signature by the mortgagor, was then altered so as to allege the existence of a mortgage for the sum of $85 on the front and back bar. As thus altered in the handwriting of Katz, the affidavit was signed by Katie Gelb. Her acknowledgment of the mortgage was then taken by Newman, and the instrument was delivered to Katz, who accepted it for the plaintiff.

Under the circumstances, it is difficult for the plaintiff to escape the imputation of notice of this prior incumbrance, and we think it should be held that the mortgagee was put upon its inquiry, at least with regard to the lien upon the front and back bar, which, as appears from the proof, were by far the most valuable of the fixtures, and for which the greater part of the recovery in this action was had. In this aspect the case appears to be with the defendant, the preponderance of the evidence not being in favor of the plaintiff's right to make a demand for the return of the fixtures, and a new trial should be had in the interests of substantial justice.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.