(23 Misc. Rep. 164.)

### EASTERN BREWING CO. v. FEIST.

(Supreme Court, Appellate Term.    March 30, 1898.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

     In an action for conversion of chattels estimated by plaintiff at $334, it appeared that plaintiff had notice of a prior incumbrance under which defendant claimed title to certain of the chattels, representing, according to said estimate, the sum of $185; and he attempted to sustain a judgment recovered by him for $95.16 damages and costs on the ground that its amount showed that the trial justice, in assessing the damages, did not take into consideration any of the chattels covered by such prior incumbrance. There was, however, uncontradicted testimony that certain other of the chattels, representing in plaintiff's estimate the sum of $118, and some of which were admitted in evidence, and exhibited upon the argument of the appeal, were in a very dilapidated condition, and unfit for use. *Held*, that the evidence indicated that the justice had placed too high a valuation upon them, and that a new trial was necessary.

Appeal from First district court.

Action by the Eastern Brewing Company against Charles Feist. From a judgment in favor of plaintiff, defendant appeals.    Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Greene & Johnson, for appellant.

Jay G. Guggenheimer, for respondent.

GIEGERICH, J.    Upon a former appeal the judgment in favor of the plaintiff was reversed, and a new trial ordered, because it conclusively appeared from the evidence that plaintiff had notice of a prior incumbrance affecting the greater part of the recovery so had. 21 Misc. Rep. 681, 48 N. Y. Supp. 29.    It is conceded by counsel for both sides that the testimony concerning such prior lien was substantially the same upon both trials, and therefore it will be assumed that the plaintiff had due notice thereof.    The counsel for the plaintiff insists that the rendition of a judgment for $95.16 damages and costs, only, instead of $250, the amount demanded by the summons, shows that the justice, in assessing the damages, did not take into considera-

tion any of the chattels covered by such prior incumbrance, and that hence the judgment conforms to the views expressed by the appellate term, through Mr. Justice Bischoff, upon the former appeal, and is warranted by the evidence. The plaintiff's claim to the chattels is founded upon a chattel mortgage made by one Katie Gelb to it to secure the payment of $350 on demand, and bearing date the 24th day of June, 1896. The defendant succeeded to the occupancy of the saloon in which such articles were when the said chattel mortgage was executed, and he claims title to the front and back bar, and one three-tap lager beer pressure, part of the chattels claimed by the plaintiff, by purchase under a foreclosure of such prior lien, subsisting by virtue of a conditional bill of sale made by one Isidor Gelb to S. Fried, and bearing date the 20th day of March, 1896; and the remainder of the chattels in suit, except screens and summer doors, hereafter mentioned, he claims to have purchased from one Abrahamowitz and Schindler & Steinik, but the source of title of neither was proven. The articles claimed to have been converted by the defendant are, together with the value which the plaintiff's president placed upon each of them, as follows:

| | |
|---|---|
| Bar and back bar | $125 |
| Four tables | 20 |
| Two window screens | 16 |
| Twelve chairs | 18 |
| One three-tap lager beer pressure | 60 |
| One ice box in cellar | 60 |
| Four chandeliers | 20 |
| One pair of summer doors | 15 |
| | $334 |

The testimony adduced in behalf of the defendant tends to show that the ice box, chairs, tables, and chandeliers were in a very dilapidated condition, and unfit for use. The plaintiff, on the other hand, offered no proof in contradiction thereof. Some of the chairs and tables were admitted in evidence, and exhibited upon the argument of this appeal, and these confirmed the testimony concerning them, so far as we could observe. If the above-described chattels were in the condition described by the defendant and the witnesses called by him,—and their testimony upon this point was not contradicted,—then, manifestly, the justice placed too high a valuation upon them; and a new trial should be had, in the absence of other proof upon the subject.

For these reasons, to my mind, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.