THE EASTERN BREWING Co., Respondent, *v.* CHARLES FEIST, Appellant.

(Supreme Court, Appellate Term, March, 1898.)

Appeal — Excessive valuation of converted chattels.

Where the undisputed evidence as to the dilapidated condition of saloon fixtures, taken in connection with some of the chattels themselves, exhibited upon the hearing of an appeal, convinces the court that a trial justice has placed too high a value upon them, a judgment granting damages for their conversion must be reversed.

APPEAL by the defendant from a judgment of the Municipal Court of the City of New York, borough of Manhattan, first dis-

trict, rendered in favor of the plaintiff, by the presiding justice, without a jury.

Action for a conversion of chattels.

The opinion states the material facts.

Greene & Johnson, for appellant.

Jay C. Guggenheimer, for respondent.

GIEGERICH, J.   Upon a former appeal the judgment in favor of the plaintiff was reversed and a new trial ordered because it conclusively appeared from the evidence that plaintiff had notice of a prior incumbrance affecting the greater part of the recovery so had.   21 Misc. Rep. 681.

It is conceded by counsel for both sides, that the testimony concerning such prior lien was substantially the same upon both trials, and, therefore, it will be assumed that the plaintiff had due notice thereof.

The counsel for the plaintiff insists, that the rendition of a judgment for $95.16, damages and costs only, instead of $250, the amount demanded by the summons, shows that the justice, in assessing the damages, did not take into consideration any of the chattels covered by such prior incumbrance, and that hence the judgment conforms to the views expressed by the Appellate Term, through Mr. Justice Bischoff, upon the former appeal, and is warranted by the evidence.

The plaintiff's claim to the chattels is founded upon a chattel mortgage made by one Katie Gelb to it, to secure the payment of $350, on demand, and bearing date the 24th day of June, 1896. The defendant succeeded to the occupancy of the saloon, in which such articles were when the said chattel mortgage was executed, and he claims title to the front and back bar, and one three-tap lager beer pressure (part of the chattels claimed by the plaintiff), by purchase under a foreclosure of such prior lien, subsisting by virtue of a conditional bill of sale made by one Isidor Gelb to S. Fried and bearing date the 20th day of March, 1896; and the remainder of the chattels in suit, except screens and summer doors, hereafter mentioned, he claims to have purchased from one Abrahamowitz, and Schindler & Stemik, but the source of title of neither was proven.   The articles claimed to have been converted by the

defendant are, together with the value which the plaintiff's president placed upon each of them, as follows:

| | |
|---|---:|
| Bar and back bar | $125 00 |
| Four tables | 20 00 |
| Two window screens | 16 00 |
| Twelve chairs | 18 00 |
| One three-tap lager beer pressure | 60 00 |
| One ice-box in cellar | 60 00 |
| Four chandeliers | 20 00 |
| One pair of summer doors | 15 00 |
| | $334 00 |

The testimony adduced in behalf of the defendant tends to show, that the ice-box, chairs, tables and chandeliers were in a very dilapidated condition and unfit for use.

The plaintiff, on the other hand, offered no proof in contradiction thereof.

Some of the chairs and tables were admitted in evidence, and exhibited upon the argument of this appeal, and these confirmed the testimony concerning them so far as we could observe.

If the above-described chattels were in the condition described by the defendant and the witnesses called by him, and their testimony upon this point was not contradicted, then manifestly the justice placed too high a valuation upon them, and a new trial should be had in the absence of other proof upon the subject.

For these reasons, to my mind, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

BEEKMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment reversed, and new trial ordered, with costs to appellant