(44 Misc. Rep. 485.)

## CULLIN v. RYDER et al.

(Supreme Court, Special Term, Columbia County. July, 1904.)

1. CHATTEL MORTGAGES—PRIORITIES.

An owner of property gave a chattel mortgage in 1901 on chattels on his farm, which became invalid for failure of the mortgagee to refile it in time after a year. The following year the mortgagor gave a bill of sale which was void because in trust for his own use. Two weeks later the mortgagor gave the same party a mortgage on the same chattels, subject to the first mortgage, which the second mortgagee filed the next day. Ten days thereafter the mortgagor conveyed the farm to such second mortgagee, who gave a mortgage to secure money to pay a mortgage on the farm, which existed at the time of the purchase of the farm by the original mortgagor. After the mortgage was executed, the first chattel mortgagee foreclosed his mortgage and had judgment, with the appointment of a receiver of the mortgaged property. *Held*, that the lien of the first chattel mortgage was prior to that given by the purchaser of the farm to one who had notice of the first mortgage.

Action by John K. Cullin against Martha R. Ryder and others to foreclose a chattel mortgage. Complaint dismissed as to certain of defendants.

The property covered by the mortgage was formerly owned by Allen Reynolds, who, on November 4, 1902, executed to the defendant Ryder a bill of sale thereof. The consideration of this bill of sale was the support and maintenance of the said Reynolds during the remainder of his life. November 17, 1902, Reynolds executed to Ryder a chattel mortgage covering the same property, to secure a note for $2,000 given on the same day by Reynolds to Ryder. November 27, 1902, the plaintiff's mortgage, which he seeks to foreclose herein, was executed by Mrs. Ryder to secure a note for $2,196, which was a part of a real estate mortgage indebtedness existing against the farm which was on the same day conveyed by Reynolds to Mrs. Ryder, and which indebtedness was assumed by the latter. Reynolds, while the owner of the property in question, and on April 2, 1901, executed to the defendant William Smith a chattel mortgage for the sum of $740, covering the property involved herein, which mortgage was duly filed April 4, 1901. It was not renewed, however, until April 15, 1902—11 days after the expiration of the time within which the same should have been renewed as provided by statute. An action was brought by Smith against Reynolds, after the execution of the plaintiff's mortgage, to foreclose the Smith mortgage, and judgment was recovered in such action prior to the commencement of this action, which judgment, among other things, appointed the defendant Macdonald as receiver of the mortgaged property, and directed him to sell the same, and out of the proceeds thereof to pay Smith $495.37, the amount due on his mortgage, including the costs of the action.

A. Frank B. Chace & Sons (John Cadman, of counsel), for plaintiff.
John L. Crandell, for defendants Smith and Macdonald, as receiver, etc.

COCHRANE, J. The bill of sale from Reynolds to Ryder having been given for the future support and maintenance of Reynolds was void as to his creditors. Personal Property Law, § 23 (Laws 1897, p. 511, c. 417). Smith was a creditor of Reynolds, and hence as to him the bill of sale is within the condemnation of the statute. His claim as such creditor was established by judgment before the commencement of this action, and is not questioned herein. The chattel mortgage from Reynolds to Ryder was expressly declared therein to be "subject to the

provisions of a previous chattel mortgage," meaning the Smith mortgage, which was concededly the only mortgage then on the property. The defendant Ryder consequently received no title to the property in question as against Smith. Her bill of sale was void as to him, and her chattel mortgage was expressly declared to be subject to his mortgage. Whatever title she received to the property, either by virtue of the bill of sale or chattel mortgage, was subject to the interest of Smith therein. The plaintiff was fully aware of the origin and source of Mrs. Ryder's title. According to his testimony, when he took his chattel mortgage from the defendant Ryder he was aware of the actual consideration of her bill of sale. He had full knowledge of the imperfections and defects which existed in her title by virtue of her bill of sale. The objectionable features were known to him, because he says so. Mrs. Ryder could give to Cullin no better title than she had received from Reynolds, which title so received by her was expressly subject to the Smith mortgage; and Cullin could acquire from her no greater interest in the property than he might have acquired from Reynolds if the latter had not executed to Ryder any bill of sale or chattel mortgage. The plaintiff, therefore, is not entitled to any more favorable consideration than if his claim had been derived directly from Reynolds. But in the latter event, as the facts now appear, plaintiff could not avail himself of the failure of Smith to renew his chattel mortgage. Smith testified on the trial without contradiction that his mortgage was taken at the suggestion of the plaintiff, and that after the time when it was originally filed he informed the plaintiff of its existence. Part of the consideration of the Smith mortgage was received by plaintiff to apply on the real estate mortgage indebtedness against the Reynolds' farm. Plaintiff therefore had actual notice of Smith's mortgage, and cannot take advantage of the failure to properly renew the same. McCormick v. Venable, 34 N. Y. St. Rep. 717, 12 N. Y. Supp. 152; affirmed, 133 N. Y. 536, 30 N. E. 1148; Zimmer v. Wheeler, 2 N. Y. St. Rep. 325; Gildersleeve v. Landon, 73 N. Y. 609; Mack v. Phelan, 92 N. Y. 20, 25; Eastern Brewing Co. v. Feist, 21 Misc. Rep. 681, 48 N. Y. Supp. 29. The plaintiff, not having a judgment and execution, is not a "creditor" within the meaning of sections 90 and 95 of the Lien Law (Laws 1897, pp. 536, 538, c. 418). Jones v. Graham, 77 N. Y. 628. It follows that the mortgage of the plaintiff is subsequent in lien to the mortgage of Smith, and that the motion of the defendants Smith and Macdonald, as receiver, made on the trial for a dismissal of the complaint, must be granted.

Complaint dismissed as to the defendants Smith and Macdonald, as receiver, etc., with costs, not including an additional allowance.

Ordered accordingly.