The Trustees of
the South Bap-
tist Church
v.
Yates and oth-
ers.

THE TRUSTEES OF THE SOUTH BAPTIST CHURCH *v.*
YATES AND OTHERS.

WHERE a purchase was made on behalf of the members of a volun-
tary. religious association, paid for by the members, and the deed
taken to one of them, the trustees appointed upon the church
being subsequently incorporated have a right to call for a con-
veyance.

The endorsement of the grantee, that he held the property to be
conveyed upon the members assenting to an open communion,
which was contrary to the tenets of a large proportion of the
contributors, cannot be regarded ; no assent having been proven.
Although the legal title to lands held for an association may
become vested in the trustees absolutely upon an incorporation,
yet this court will decree a conveyance if required.

Sept. 15.
Nov. 4.

THIS cause was submitted without arguments.

*Mr. White,* solicitor for complainants.

*Mr. Yates,* for defendants.

THE ASSISTANT VICE-CHANCELLOR :—The bill sets
forth that in April, 1832, a church or religious society
was duly organized under the name of the South Baptist
Church, in the city of New-York, and was subsequently,
viz. in the year 1832, duly incorporated by the election of
trustees under the title of Trustees of the South Baptist
Church in the city of New-York. The certificates were
properly made and recorded.

That after the establishment of the society and before
its incorporation, John B. Yates, James Fellows and
Thomas Skelding, purchased in their own names of the
German Reformed Church, a certain lot of land and build-
ing in the city of New-York, described in the bill, and
took a conveyance therefor. That although such con-
veyance was absolute on its face, yet the land was pur-
chased and held by the grantees solely in trust for such
society or congregation ; that such society always occu-

pied the premises from their organization to the date of a purchase of other land, and held their regular meetings for religious worship in the building thereon erected; that the rents and profits were received by the trustees of the said society, and applied to the discharge of their expenses and debts; that the greater part of the purchase money and all expenses for repairs were paid by contributions from the members of such society, and that John B. Yates in his life time, and the other grantees, have repeatedly acknowledged the trust. That the grantees never made any advances for the purchase, (except as voluntary contributors) which were not fully repaid. In the year 1824, the trustees of the church by Skelding, their agent, agreed with the trustees of the Associate Congregation of New-York, for the purchase of certain property. Such property was conveyed to Yates, Fellows and Skelding. Such deed was in trust for the South Baptist Church. The purchase money was paid, or all that has been paid, by such congregation, who occupied and used the premises. In August, 1825, Skelding conveyed all his title to Yates and Fellows.

Yates and Fellows raised money for the use of the church and gave their bonds and mortgages upon the premises. In May, 1834, the first parcel purchased was disposed of for $30,000, which was applied in discharge of the bonds and mortgages on both parcels. One incumbrance of $3,000 still remained unpaid. On the 1st December, 1832, Fellows executed a declaration of trust, and covenanted to convey upon being relieved from his obligations. John B. Yates died July 10th, 1836, leaving a will and appointing the defendants trustees.

Although in this case the purchase was made on behalf of a voluntary association not incorporated, yet the trustees of the church, appointed upon the subsequent incorporation, became entitled to the property in their corporate character. (3 *R. S.* 295, § 4. *Baptist Church in Hartford* v. *Witherell*, 3 *Paige*, 298.)

The endorsement made by Mr. Yates, the grantee, upon the article of agreement, does not appear to have been

1839.

The Trustees of the South Baptist Church
*v.*
Yates and others.

1839.

The Trustees of
the South Bap-
tist Church
*v.*
Yates and oth-
ers.

sanctioned by those for whose use the purchase was made. On the contrary, the evidence is, that no such condition was ever made known by him. The members of the Baptist Society paid the consideration money, and a trust arose for the use of that Society, independent of any special conditions which Mr. Yates meant or desired to attach to that trust, but which the contributors had not assented to.

It is established by the evidence, that the doctrine of open communion which Mr. Yates advocated, was not the tenet of his associates ; but was opposed to that of a vast proportion of the members. It is indeed stated, that there was no article in their constitution prohibiting a communicant of any denomination from coming to the table, but the doctrine of exclusion was plainly held and practised upon in its utmost rigour.

Now without reference to the propriety of the views of Mr. Yates, it is certain that the great body of the contributors to that purchase regarded his opinion as unscriptural liberalism, and would never have assented to his trusteeship if coupled with the provision he sought to impose.

I consider, therefore, that the property was taken in trust ; that the corporation have a right to it, without submitting to the terms stated in the memorandum of Mr. Yates.

The chancellor, in the case before noticed, (3 *Paige*, 298,) intimates that the legal title is by force of the statute vested in the corporation, of lands held in trust for it prior to its incorporation. Still if it were only for the convenience of a recorded title, this court may properly be applied to for the purpose of procuring a conveyance from the trustee.