[No. 15125. Department One. — July 27, 1893.]

NIGEL D'OYLY, RESPONDENT, v. JAMES B. CAPP
ET AL., APPELLANTS.

99   153
121  274

MORTGAGE TO SECURE ADVANCES — SUBSEQUENT NOTES FOR PRIOR INDEBTEDNESS — IMMATERIAL VARIANCE — PRIORITY OF LIENS. — Where a mortgage was made by its terms to secure a note of two thousand five hundred dollars, and such additional sums and interest thereon as might be loaned by the mortgagee to the mortgagor before the discharge of the mortgage, each additional loan to be evidenced by the promissory note of the mortgagor, and subsequently two other notes were given, aggregating in all the sum of eleven thousand dollars, which other notes recited that they were given to evidence advances made in accordance with the mortgage, the fact that the whole eleven thousand dollars was a subsisting indebtedness when the mortgage was executed does not constitute a material variance, or make the mortgage as to the two latter notes subject to a judgment lien docketed after their execution.

ID. — UNTRUE RECITALS OF CONSIDERATION — ASCERTAINMENT OF EXTENT OF ENCUMBRANCE. — Although a mortgage ought to state the true consideration for which it was given, yet untrue recitals, or the omission to disclose the real nature of the transaction on the face of the mortgage, will not make it invalid,

unless some one has been prejudiced by the misrepresentation, and where, notwithstanding such recitals, the mortgage gives such information that a junior lienholder may by inspection of the record, and the exercise of ordinary diligence, ascertain with certainty the extent of the encumbrance, and the transaction is otherwise fair, there is nothing inequitable in enforcing it against him.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*John H. Yoell*, for Appellants.

While a mortgage to secure *bona fide* future advances is good, a prior existing independent debt cannot be tacked onto a mortgage to the prejudice of existing creditors, even with the consent of the mortgagor. (*Bank of Utica* v. *Finch*, 3 Barb. Ch. 302; 49 Am. Dec. 175; *James* v. *Morey*, 2 Cowen, 246–293; 14 Am. Dec. 475; Coote on Mortgages, pp. 172–177; Fonblanque's Equity, p. 500, and note; *Burnet* v. *Denniston*, 5 Johns. Ch. 35; *St. Andrew's Church* v. *Tompkins*, 7 Johns. Ch. 14.) Even if the last two notes were future advances, they could not be secured by the mortgage; for that the mortgage fails to state the *utmost limit* of the sum to be secured. (*Tully* v. *Harloe*, 35 Cal. 302–309; 95 Am. Dec. 102; *Tapia* v. *Demartini*, 77 Cal. 383–386; 11 Am. St. Rep. 288.)

*H. V. Morehouse*, and *Hiram D. Tuttle*, for Respondent.

That the mortgage recited that it was to secure the repayment of two thousand five hundred dollars, and such additional sums as might be loaned does not, in view of the facts, constitute a failure of *allegata* and *probata*, and even if there was a variance it was not material. (Code Civ. Proc., sec. 469; *Davis* v. *Baugh*, 59 Cal. 576, 578; *Kurtz* v. *Forquer*, 94 Cal. 94, 95; *Methodist Episcopal Church* v. *Seitz*, 74 Cal. 297; *Sommer* v. *Smith*, 90 Cal. 261; Pomeroy on Remedies, ed. of 1876, sec. 554.) A mortgage made to secure against future advances is good. (*James* v. *Morey*, 2 Cowen, 292; 14 Am. Dec. 475; *Moran* v. *Gardemeyer*, 82 Cal. 96; 15 Am. & Eng. Encycl. of Law, pp. 796–799, 801; Jones on Chattel Mortgages, secs. 364, 367, 368, 373, 376.) A recorded mortgage for an un-

limited sum is notice to a subsequent encumbrancer as to all sums advanced upon the mortgage before the subsequent lien attached. (Jones on Chattel Mortgages, 3d ed., sec. 364; 4 Wait's Actions and Defenses, p. 441; 15 Am. & Eng. Encycl. of Law, pp. 797, 799.) The amounts of the several advances, and the times when they were actually made, and the object of the mortgage may be shown by extrinsic proof, for in such case the proof does not contradict the mortgage, or alter its legal operation and effect in any way. (Jones on Chattel Mortgages, sec. 376; 15 Am. & Eng. Encycl. of Law, 798.) The holder of such mortgage has a lien for all advances made before docketing of subsequent judgments against the mortgagor (3 Pomeroy's Equity Jurisprudence, sec. 1198, p. 178); also for all advances made afterwards without actual notice. (3 Pomeroy's Equity Jurisprudence, sec. 1199, and see note on page 181.)

PATERSON, J.—On March 1, 1890, the defendants, J. B. and A. B. Capp, were indebted to the plaintiff in the sum of eleven thousand dollars, and on that day executed and delivered to him their promissory note for the sum of two thousand five hundred dollars, secured by a mortgage on certain real property. The mortgage provided that it should stand as security for the payment of said two thousand five hundred dollars, and "of such additional sums as may be loaned by said mortgagee to said mortgagor before the discharge hereof and the interest thereon; each additional loan to be evidenced by the promissory note of said mortgagor." On March 10, 1890, the Capps gave another note to the plaintiff for five thousand dollars, which recited that it was given to evidence advances made in accordance with the mortgage, and on the same day executed and delivered another note for the balance of the eleven thousand dollars they were owing plaintiff (three thousand five hundred dollars), which contains the same recital. All of these notes came due on March 1, 1891. On December 21, 1891, the defendant Houghton filed in the recorder's office of Santa Clara County, where the mortgaged property is situated, a transcript of a deficiency judgment on foreclosure, docketed in the superior court of Monterey County on that day.

Appellant Houghton contends that his judgment is supe-

rior to the lien of the mortgage for the payment of the five-thousand-dollar and three-thousand-five-hundred-dollar notes. His claim is, as we understand it, that as neither the five-thousand-dollar nor the three-thousand-five-hundred-dollar note represented an *additional sum* advanced by the mortgagee to the mortgagor after the execution of the mortgage, they cannot be included in the amount for which the mortgage was given as security.

We do not think there is any merit in the contention. The mortgage, it is true, ought to have stated the true consideration for which it was given; "but the omission to disclose the real transaction on the face of the mortgage will not make it invalid, unless some one has been prejudiced by the misrepresentation." (*Collins* v. *Carlile*, 13 Ill. 259.) Where the mortgage is given in good faith to secure a present indebtedness and future advance, whether the true object be stated in the mortgage or not, it is valid as between the parties and as against any subsequent lienholder not prejudiced by the misstatement. (*Hendrix* v. *Gore*, 8 Or. 408.) In *Bell* v. *Fleming*, 12 N. J. Eq. 16, the court said: "It was insisted as an objection to its validity that this mortgage was false on its face; that while it purports to be a security for a debt of one hundred thousand dollars actually due, the debt really existing was but little over one third of that amount. In *Shirras* v. *Caig* it was part of the argument of counsel that the mortgage untruly recited the whole transaction, and that the mortgage was made only to cover future contingent responsibilities. Chief Justice Marshall in his opinion says: 'It is true the real transaction does not appear on the face of the mortgage. The deed purports to secure a debt of thirty thousand pounds, six shillings sterling, due to all the mortgagees. It was really intended to secure different sums due at the time from particular mortgagees, advances afterwards to be made, and liabilities to be incurred to an uncertain amount. It is not to be denied that a deed which misrepresents the transaction it recites, and the consideration on which it is executed, is liable to suspicion. It must sustain a rigorous examination. It is certainly always advisable fairly and plainly to state the truth; but if upon investigation the real transaction shall appear fair, though somewhat

variant from that which is described, it would seem to be unjust and unprecedented to deprive the person claiming under the deed of his real equitable rights, unless it be in favor of a person who has been in fact injured and deceived by the mis- representations.' . . . . The encumbrance can never stand for a larger amount than the record calls for. . . . . If the trans- action is a fair one, there can be no objection to state it as it really exists. . . . . The *bona fides* of the transaction is appar- ent from the manner and promptness with which the advances were made. There is no one before the court who makes any complaint that he has been misled or been placed in a worse position in consequence of the character of the mortgage." The mortgage must always give the requisite information so that a junior creditor may by inspection of the record, and by the exercise of common prudence and ordinary diligence, ascertain with certainty the extent of the encumbrance. When this is done, although the instrument may not truthfully state its object on its face, if the transaction is otherwise fair, there is nothing inequitable in enforcing it. (*Bank* v. *Finch*, 3 Barb. Ch. 303; 49 Am. Dec. 175; *Craig* v. *Tappin*, 2 Sand. Ch. 78; *Hall* v. *Crouse*, 13 Hun, 560.)

For the reasons given, the variance between the allegations and the proof is immaterial.

The judgment is affirmed.

HARRISON, J., and GAROUTTE J.. concurred.