[L. A. No. 397. Department One.—June 25, 1898.]

MINNESOTA LEMON, Appellant, v. M. L. WOLFF et al., Respondents.

CHATTEL MORTGAGE—UNPLANTED CROP—FUTURE ADVANCES.—In this state, a chattel mortgage may be made upon a crop to be raised, before the same has been planted; and such mortgage may be made to secure future advances as well as an existing indebtedness.

ID.—ABSENCE OF FORMALITIES—VALIDITY BETWEEN PARTIES—RIGHTS OF CREDITORS.—As between the mortgagor and mortgagee, a chattel mortgage upon a crop to be raised is valid, and may be enforced, though the formalities prescribed in section 2957 of the Civil Code have not been observed; and though the absence of such formalities may be objected to by creditors of the mortgagor who have acquired a lien upon the mortgaged property, or who are seeking to levy process thereon, a mere creditor at large, without some process for the collection or enforcement of his debt, cannot question the sufficiency of a chattel mortgage which is good as between the parties thereto.

ID.—POSSESSION BY MORTGAGEE.—Where the chattel mortgagee obtained possession of the mortgaged crop with the consent of the mortgagor,

before another creditor of the mortgagor obtained any lien, or made any levy thereupon, such mortgagee acquired a right thereto, as against such creditor, irrespective of any irregularities in the chattel mortgage.

ID.—UNRECORDED LEASE—INVALID SECURITY FOR RENT.—A mere unrecorded lease, assuming to reserve to the landlord control of all of the produce of the land, and the right to sell and dispose of the same, until the whole amount of the cash rental shall have been paid, is not effectual to create a lien upon the crop for the rent; and a chattel mortgagee who has first obtained possession of the crop, under an informal chattel mortgage, has a superior right to that of the landlord, as a creditor at large of the lessee for the amount of the rent.

ID.—MARKING OF SACKS BY LANDLORD—CHANGE OF POSSESSION.—The possession of the land being in the lessee during the term of the lease, the landlord acquired no rights in the crop as against other creditors of the lessee, or purchasers from him, by merely marking the sacks and moving them to a different place in the barn occupied by the lessee. Such acts did not constitute a delivery or change of possession of the property; and the subsequent delivery of them by the lessee to a chattel mortgagee, and the appropriation of them to the payment of the debt evidenced thereby, gave such chattel mortgagee a prior right thereto as against the landlord.

ID.—PREFERENCE OF CREDITOR BY LESSEE.—The lessee, being in possession of the crop, had the right to give preference either to the landlord or to the chattel mortgagee, as his creditor, and might confer a prior right upon the chattel mortgagee as against the landlord, by consenting to the actual taking possession of the crop by such mortgagee.

Appeal from a judgment of the Superior Court of Ventura County and from an order denying a new trial. B. J. Williams, Judge.

The facts are stated in the opinion of the court.

Blackstock & Ewing, for Appellant.

Barnes & Selby, for Respondents.

HARRISON, J.—W. S. Morton leased a tract of land in Ventura county from the plaintiff for the term of one year from November 1, 1895, at the annual rent of four hundred and twenty dollars, payable before the termination of the lease. The terms of the lease were agreed upon, and a written instrument expressing them was prepared on that day, but was not signed by the parties until the 23d of December. The lease was not recorded, and contained the following provision: "It is agreed

by and between the parties hereto that the party of the first part shall have and control all produce from said land, and shall have the right to sell and dispose of the same, until the whole amount of the rental herein provided for shall have been paid." On the 8th of November Morton and his brother executed a chattel mortgage to the defendants upon "the crop of beans now being standing, and growing, or to be grown, upon" the land leased to him, as security for a promissory note of one hundred dollars that day executed to the defendants, and for such moneys as should be advanced or merchandise sold to them not exceeding five hundred dollars in addition to the amount of the note. The beans were planted in June, 1896, and in August or September the crop was harvested and sacked and placed in a barn upon the premises. Morton did not pay the note or the advances, and on the 21st of September the defendants took the beans from the premises with the consent of Morton, and under a provision in the chattel mortgage authorizing them to do so, and thereafter disposed of them. The rent of the premises was not paid by Morton, and prior to the removal of the beans by the defendants she loaned him one hundred dollars upon their security, and September 15th the sacks in which they were contained were marked with her initials and moved from one side of the barn to the other. The present action was brought to recover the value of the beans, upon the ground that they had been converted by the defendants. Judgment was rendered in favor of defendants, and the plaintiff has appealed.

Whether a chattel mortgage upon a crop yet to be planted is valid is a question which has not received a uniform decision. (See Pingree on Chattel Mortgages, sec. 217, *et seq.*) Whatever may be the law in other states, the right to make a chattel mortgage upon a crop to be raised before the same has been planted was affirmed in *Arques v. Wasson,* 51 Cal. 620, 21 Am. Rep. 718, and has become an established rule of property in this state; and such mortgage may be made to secure future advances, as well as an existing indebtedness. (Civ. Code, sec. 2884; *Tapia v. Demartini,* 77 Cal. 383; 11 Am. St. Rep. 288; *D'Oyly v. Capp,* 99 Cal. 153.) As between the mortgagor and the mortgagee such a mortgage is valid and may be enforced, even though the formalities prescribed in section 2957 of the Civil Code have not

been observed. (*Works v. Merritt,* 105 Cal. 467.)   This section
makes a failure in such compliance available only to creditors
of the mortgagor, and subsequent purchasers and encumbrancers
in good faith.   Only a creditor who has acquired a lien upon
the mortgaged property by virtue of some legal proceeding, or
who is armed with some process authorizing a seizure of the
property, can question the compliance with these formalities.   A
mere creditor at large, without some process for the collection
or enforcement of his debt, cannot question the sufficiency of
a mortgage which is valid between the parties thereto.   (Jones
on Chattel Mortgages, sec. 245; *Jones v. Graham,* 77 N. Y. 628;
*Button v. Rathbone etc. Co.,* 126 N. Y. 187; *Cameron v. Marvin,* 26
Kan. 612.)   As the defendants obtained possession of the property
with the consent of the mortgagor, before the plaintiff acquired
any lien thereon, they acquired a right thereto irrespective of
any irregularities in their mortgage.

The plaintiff acquired no lien upon the beans by virtue of
the foregoing provision in the lease.   (*Stockton Savings etc. Soc.
v. Purvis,* 112 Cal. 236; 53 Am. St. Rep. 210; *Ferguson v. Mur-
phy,* 117 Cal. 134.)   She was not entitled to recover from the
defendants either the beans or their value, by reason merely of
being a creditor of Morton.   Being his creditor gave her no right
to this specific property.   She had, however, the right to obtain
a lien upon it by virtue of some legal process, and, after ob-
taining such lien, to claim its priority over that of the defend-
ants.

Neither did the plaintiff, by the act of marking the sacks
and moving them to a different place in the barn, acquire any
interest in the beans as against the creditors of Morton, or any-
one who should purchase them from him.   Such acts did not
constitute a delivery or change of possession of the property.
(*Byxbee v. Dewey* (Cal. Dec. 15, 1896), 47 Pac. Rep. 52; *Button
v. Rathbone, supra.*)   The court finds that at the time the de-
fendants took the beans from the premises they were in the pos-
session of Morton, and under the evidence it was authorized to
make this finding.   The lease to Morton gave him the right
to the possession of the land as against the plaintiff, and hav-
ing taken possession under the lease he was presumptively in
possession during its term.   If the plaintiff would claim that

he had surrendered the possession, this was affirmative matter to be shown by her. There was no direct evidence of this fact, and there was evidence to the contrary before the court.

The rent for the premises was, by express agreement between the parties, payable "before the termination of the term," and the plaintiff had no claim therefor at the time the beans were taken by the defendant (or, indeed, when the present action was commenced); and, as the beans were then in the possession of Morton, he had the right to appropriate them to the payment of his debt to the defendants, irrespective of the mortgage. As between his creditors, he had the right to give a preference to either, and the defendants, by obtaining possession of the property with his consent, obtained a prior right thereto. (See *Cameron v. Marvin, supra.*)

The judgment and order are affirmed.

Van Fleet, J., concurred.

Garoutte, J., concurred in the judgment.