[S. F. No. 2391. Department Two.—January 28, 1903.]

138 441
e142 460

## A. R. RICHEY, Respondent, v. EDWARD HALEY, Appellant.

REPLEVIN—SEPARATE PROPERTY OF WIFE—QUESTION OF FACT—APPEAL.—In an action of replevin brought by a married woman to recover her separate property from an officer who had levied thereupon to satisfy the debts of her husband, the question whether the property was her separate property is a question of fact for the trial court; and upon appeal from its judgment for the plaintiff, this court cannot pass upon the credibility of the evidence, nor its inherent improbability, and can only consider whether there is substantial evidence sufficient to support the finding.

ID.—TESTIMONY OF HUSBAND AND WIFE—SCRUTINY—PRESUMPTION.—Where the evidence, in such case, to establish the separate property of the wife, is that only of the husband and wife, it should be carefully scrutinized, and should be of such a nature as clearly to show the separate character of the property; but it will be presumed upon appeal that such scrutiny was carefully exercised, and that the finding is correct, where sufficient testimony appears to support it.

ID.—PROOF OF VERIFIED CLAIM—PLEADINGS—ADMISSION OF DEMAND—DENIAL OF TITLE.—It cannot be urged upon appeal for the first time that there was no proof of the service of the verified claim, required by section 689 of the Code of Civil Procedure, where the allegation of demand in the complaint is not denied in the answer, and it appears, by the answer denying plaintiff's title and alleging title in her husband, that any kind of a demand would have been unavailing.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion.

C. D. Wright, for Appellant.

We submit that a finding that a demand was made before the commencement of the action does not come up to the requirements of section 689 of the Code of Civil Procedure. To meet the requirements of this section, when the property is taken from the possession of the debtor, it must be found that the claimant stated to the officer his title and right of possession. This is a requirement in addition to the demand required before the amendment. (*Henderson* v. *Hart*, 122 Cal. 334; *Howe* v. *Johnson*, 117 Cal. 40; *Fuller Desk Co.* v. *McDade*, 113 Cal. 363; *Vermont Marble Co.* v. *Brown*, 109 Cal. 241.[1]) The evidence is insufficient to support the findings. The property must be presumed to have been common property, and this presumption can only be repelled by conclusive testimony that it was purchased with the separate funds of the wife. (*Meyer* v. *Kinze*, 12 Cal. 251-255.[2]) Section 689 only prescribes the form of making a demand, and the allegation of demand was sufficient, and was admitted by the answer. (*Brenot* v. *Robinson*, 108 Cal. 143; *Higgins* v. *San Diego Savings Bank*, 129 Cal. 184.)

William A. Bowden, and John G. Jury, for Respondent.

The evidence shows clearly that all of the property originally acquired was the wife's separate property, and that the property was not derived from any other source. (Civ. Code, sec. 162; *In re Bauer's Estate*, 79 Cal. 304; *Ramsdell* v. *Fuller*, 28 Cal. 37;[3] *Henry* v. *Pesoli*, 109 Cal. 53.) The small service rendered by the husband in aiding the wife to take care of her property cannot affect her title. (*Diefendorff* v. *Hopkins*, 95 Cal. 343; 6 Am. & Eng. Ency. of Law, 2d ed., p. 324; *Lake* v. *Bender*, 18 Nev. 361.)

COOPER, C.—This action was brought by plaintiff, a married woman, to recover the possession or the value of one fruit-grader, two thousand fruit-trays, and two hundred fruit-boxes, alleged to be the property of plaintiff. The defendant did not deny the taking, but attempted to justify

[1] 50 Am. St. Rep. 37.      [3] 87 Am. Dec. 103.
[2] 73 Am. Dec. 538.

upon the ground that he was, at the time, a constable of the
township, and took the property in his official capacity by
virtue of certain writs in favor of one Salisbury and against
Charles S. Richey, the husband of this plaintiff. It is fur-
ther alleged in the answer that, at the time of the taking, the
property was owned by, and in the possession of, Charles S.
Richey, and subject to be taken for his debts. The case was
tried before the court, findings filed, and judgment ordered
and entered in favor of plaintiff. Defendant made a motion
for a new trial, which was denied, and this appeal is from
the order denying the motion. The principal claim made by
defendant is, that the finding that the property was the sepa-
rate property of the plaintiff is not supported by the evi-
dence. We have carefully examined the evidence, and find
it sufficient to support the finding, according to the rule long
established here. The only evidence in the record is that of
the plaintiff and her husband. We fully appreciate that in
a case of this character the evidence should be carefully
scrutinized, and should be of such a nature as to clearly
show the separate character of the property. But the pecul-
iar function of so weighing and examining the evidence is
with the lower court or jury when trying the question of
fact, and not with this court. Where the court below has
found a fact, this court cannot pass upon the credibility of
the evidence, nor its inherent improbability, but must de-
termine whether or not there is substantial evidence suffi-
cient to support the finding. The fact that the wit-
nesses were husband and wife, and that the wife was
claiming property sought to be subjected to the hus-
band's debts, should have caused, and we must pre-
sume did cause, the court below to weigh the evidence
carefully and to look at it from every standpoint. And
while it is true that many times property is claimed
by the wife for the purpose of keeping it from the husband's
creditors, it does happen that the wife's property is some-
times wrongfully taken by the husband's creditors. If the
property is really the separate property of the wife, the law
should award it to her, although she may be so unfortunate
as to have a husband who does not pay his debts. She is
entitled to her separate property and to invoke the aid of
the court for its protection. Therefore, we must begin with

the presumption that the finding, like any other finding, is correct. The plaintiff testified that the property was hers, and paid for with her money; that she received some three thousand dollars from the estate of her parents in Michigan. She said: "I bought the Hamilton fruit-grader in question of Mr. Hamilton in October, 1895, for $117, and paid for it out of my own money. The money I paid for this fruit-grader came from my mother's estate in 1895, . . . the payments were all made with my money. All the trays and the grader cost $600. . . .

"None of the proceeds of the labor of Mr. Richey went into the purchase of these trays or the fruit-grader or said real estate."

The husband testified to the same effect. He said: "I made the bargain for the grader; the price was $117. Mrs. Richey's money paid for it. . . . She inherited it from her father's and mother's estate at the east, . . . all those [referring to the grader and the trays] were purchased with the money which she inherited; the drier and the trays cost a trifle over $600. Not a dollar of my earnings went toward the purchase of this property."

Appellant urges on this appeal that there was no proof made as to service of a verified claim, setting out plaintiff's title, its grounds, and her right to possession as required by section 689 of the Code of Civil Procedure. It is sufficient to say that the demand alleged in the complaint is not denied in the answer, and this question is raised here for the first time. If the form of the demand did not comply with the section, the defendant should have traversed the allegation in his answer, or objected to the proof when offered. (*Brenot* v. *Robinson,* 108 Cal. 145.) Besides, it appears affirmatively by defendant's answer that any kind of a demand would have been unavailing. Defendant denied the plaintiff's title, and alleged title in another.

The order should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          Henshaw, J., McFarland, J., Van Dyke, J.