[Civ. No. 8586. First Appellate District, Division One.—August 9, 1932.]

JOHN H. SULLIVAN, Respondent, v. FRANK VERA, Defendant; PETER PRESTINARI, Intervener and Appellant.

Fred A. Watkins for Appellant.

Edmund Scott for Respondent.

WOODWARD, J., *pro tem.*—This is an appeal by the intervener from a judgment in favor of plaintiff for the foreclosure of a chattel mortgage bearing date March 6, 1930, and given by defendant to plaintiff to secure the payment of a promissory note in the principal sum of $6,500 with interest at seven per cent. Appellant, a creditor, intervened in the action as against both litigants, alleging, among other things, that the chattel mortgage sought to be foreclosed had been executed by the defendant Vera, "with-

out consideration and with intent to hinder, delay and defraud creditors'', including appellant, and that plaintiff had accepted the mortgage with full knowledge of the facts. It is averred also, on information and belief, that the instrument was not acknowledged before the notary public purporting to have taken the same. The defendant made no appearance as against plaintiff, but filed an answer to the complaint in intervention, denying generally the allegations thereof.

The factual background of the controversy may be epitomized thus: During the month of July, 1925, the defendant purchased a ranch from plaintiff, paying a small amount in cash on the purchase price and executing his note, secured by a deed of trust on the property, for the balance. He thereupon began to operate a dairy on the premises, but soon met with financial difficulties and defaulted in payments due plaintiff. Plaintiff, however, evidently believing the defendant would eventually make a success of his business, began to advance him various sums of money to pay for labor and to purchase equipment, including a tractor, pump, electric motor, piping for irrigation, lumber and other materials. These pecuniary advances, aggregating more than $6,500, began in November, 1925, and ended in January, 1930, at which time the plaintiff, dissatisfied with the arrangement, demanded security for his loans. It was in these circumstances that defendant, two months later, executed the mortgage in question.

It seems that for several years prior to the date of the mortgage, appellant had worked continuously as a milker for the defendant and had failed to draw or demand the greater part of his wages. On April 17, 1930, less than a month after the execution of the mortgage, appellant filed a suit in the superior court for the collection of his back wages and, three months later, obtained a judgment against Vera in the sum of $810. It is an admitted fact, also, that on December 15, 1929, appellant, in due course of his employment as a milker for defendant, sustained an injury consisting of a fracture of his right arm. Thereafter he filed a claim with the Industrial Accident Commission, which, on May 7, 1930, made an award of $9.49 a week for temporary disability, payments to begin as of December 23, 1929. The commission found that the employer was uninsured.

On these facts appellant intervened in the present action, claiming that the chattel mortgage was executed in anticipation of his judgment for wages and also of the award for compensation.

The trial court found, in substance, that the mortgage was executed by the defendant for a valuable and sufficient consideration and with no intent to hinder, delay or defraud the intervener or any other creditor of the defendant; that the instrument was accepted by plaintiff in good faith and as security for a sum in excess of $6,500, which he had theretofore advanced the defendant; that the mortgage was duly acknowledged by the parties thereto before Frank L. Crist, a notary public in and for the county of Santa Clara.

Appellant states in his opening brief that he cannot criticise the trial court's finding on the question of adequate consideration, but insists that the mortgage is invalid for two reasons: (1) that it was given and accepted to hinder, delay and defraud creditors; (2) that it is not in the form prescribed by section 2956 of the Civil Code of California. The points thus relied upon by appellant in his specifications of error will be considered in the order named.

The first point relied on is the usual challenge to the sufficiency of the evidence to support the trial court's finding on the issue of fraud. Without an extensive discussion of the testimony, it may be pointed out that plaintiff testified he had demanded the mortgage in order to protect his interests; that when the same was executed he did not know of defendant's indebtedness to appellant for wages, but was aware of appellant's injury and of the claim filed pursuant thereto; that he did not demand or accept the chattel mortgage for the purpose of enabling Vera to avoid appellant's claim; that said mortgage note did not cover any part of the obligation secured by the deed of trust. The defendant, called as an adverse witness by appellant, admitted the amount claimed by plaintiff and the purpose for which it was advanced. It could scarcely be said that the defendant's testimony was the result of collusion. On the contrary, appellant's counsel terminated the cross-examination somewhat abruptly, declaring at the time: "I won't ask this witness any more questions. I think what he says is true." Mrs. Flossie Tripp, called as a witness

on behalf of the appellant, testified that she had executed the mortgage as "Flossie Vera", wife of the defendant; that she was a partner of Vera's; that she had lived with him as his wife but had never been married to him; that Vera did not tell her of his business affairs and that she did not know of any advances made him by the plaintiff; that when she signed the mortgage she was alone with the defendant and did not then or thereafter acknowledge it before a notary public; that subsequent to the execution of said instrument Vera had informed her it was "kind of a bluff paper".

 Appellant suggests that the admitted facts, together with the circumstances surrounding the transaction, throw more light on the issue of fraud than the parol testimony of the parties. This view seems to be based largely on the assumption that the execution of the mortgage in consideration of a pre-existing debt, and at a time when the defendant owed appellant a substantial sum for wages and had also become liable to him for compensation by reason of the injury to his arm, was in itself an act inherently fraudulent. This contention, as an abstract proposition, cannot be sustained. One who owes another money is not, in every instance, estopped from executing a chattel mortgage to a third person in consideration of a pre-existing debt. On the contrary, except in certain circumstances not present in the instant case, "a debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another". (Civ. Code, sec. 3432.) And "in the absence of fraud every contract of a debtor is valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract". (Civ. Code, sec. 3431; *Parkinson Brothers Co.* v. *Figel et al.*, 24 Cal. App. 701–712 [142 Pac. 135].) It is not suggested in the briefs that appellant had acquired any lien on the property involved prior to the execution of the mortgage.

 Whether the transaction in question was tainted with fraud was primarily a question of fact for the trial court to determine, and since its finding thereon is supported by the evidence, we cannot, under well-established rules of appellate practice, interfere. It may be ob-

served parenthetically that the credence to be given the testimony of a witness is a matter wholly within the province of the trial court, and if the trial court denies credence to the testimony of a particular witness, as manifestly occurred in the instant case, its discretion cannot be disturbed unless abused. This rule is too well known to require the citation of authorities.

As to appellant's second specification of error: In his complaint it is alleged, as already pointed out, that the mortgage in question was not actually acknowledged before a notary public. Section 2956 of the Civil Code prescribes the form for chattel mortgages, and section 2957 of the same code explicitly provides that a mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers in good faith and for value, unless (subdivision two) "it is acknowledged or proved, certified, and recorded in like manner as grants of real property". It has been held that the term "creditors", as used in the last-mentioned code section, " 'is general and applies to creditors existing prior to the mortgage, as well as subsequent' ". (*Noyes* v. *Bank of Italy*, 206 Cal. 266, 271 [274 Pac. 68, 71]; *Cardenas* v. *Miller*, 108 Cal. 250, 258 [49 Am. St. Rep. 84, 39 Pac. 783, 41 Pac. 472].) The trial court, however, found adversely to appellant on the question of whether the chattel mortgage had been properly acknowledged and this finding, in similar circumstances, was sustained in the case of *Ware* v. *Julian*, 122 Cal. App. 354 [9 Pac. (2d) 907], wherein it is stated: "We are satisfied that the *prima facie* evidence of the certificate of acknowledgment was sufficient to support the finding of due execution even though contradicted by the oral testimony of appellant. This holding not only accords with all the authorities but is in line with the recent decision of our own Supreme Court in *Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 Pac. 529]."

In his opening brief counsel for appellant presents two points which admittedly were not raised in the court below. It is now urged for the first time that the mortgage is fatally defective for two reasons: (1) that the due date of the obligation is omitted; and (2) that the description of the mortgaged property is insufficient. In an effort to avoid the well-known inhibitory rule with reference to

points made for the first time on appeal, appellant contends that the plaintiff's complaint, by reason of the defects now presented, does not state a cause of action. This contention cannot be sustained. Assuming that the mortgage in question does not fully comply with the requirements of section 2956 of the Civil Code, this fact would not affect the original complaint as a pleading. ▮ As between the mortgagor and the mortgagee, a mortgage is valid and may be enforced even though it does not comply with statutory requirements. (*Lemon* v. *Wolff*, 121 Cal. 272–276 [53 Pac. 801, 802]; *Loosemore* v. *Baker*, 175 Cal. 420–423 [266 Pac. 26].) It has been held that intervening creditors cannot raise or litigate questions as to validity of note and mortgage as between original parties; all they can demand is judgment protecting their interests and preventing enforcement of judgment to their prejudice. (*Horn* v. *Volcano Water Co. et al.*, 13 Cal. 62–73 [73 Am. Dec. 569].) Appellant claimed no title to the mortgaged property. His only interest in the foreclosure suit was to prevent a diminution of the defendant's general assets to his prejudice. It may be observed that appellant did not attack the mortgage through process authorizing a seizure of the property. It was said in the Lemon case, *supra,* that "only a creditor who has acquired a lien upon the mortgaged property by virtue of some legal proceeding, or who is armed with some process authorizing a seizure of the property" can question the sufficiency of a mortgage which is valid between the parties. ▮ Assuming, however, but not deciding, that appellant, by reason of his accrued claims, was in a position to challenge the statutory sufficiency of the mortgage, we know of no rule under which he was relieved from the duty of properly pleading his objections. Aside from the general rules of pleading, section 387 of the Code of Civil Procedure provides that one entitled to intervene may, if he is appearing adversely to both plaintiff and defendant, file a complaint "setting forth the grounds upon which the intervention rests". Appellant elected to base his action on fraud. He omitted from his complaint the grounds on which he now relies, and did not raise the points in the court below. It is the law of this state that appellate courts will not review or consider points made for the first time on appeal. (*Doug-*

*las* v. *Southern Pac. Co.*, 203 Cal. 390–397 [264 Pac. 237];
*Imperial Valley L. Co.* v. *Globe G. & M. Co.*, 187 Cal. 352,
359 [202 Pac. 129]; *Greene* v. *Riordan,* 97 Cal. App. 462,
470 [276 Pac. 141].)

For the reasons herein stated the judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.