[Civ. No. 8021. Second Appellate District, Division One.—September 26, 1934.]

HELEN KINGSBURY, Respondent, v. JAMES E. WHITACRE et al., Defendants; KATE SAATHOFF, Appellant.

Wheeler & Wackerbarth and L. H. Phillips for Appellant.

Jennings & Belcher for Respondent.

HAHN, J., *pro tem.*—Kate Saathoff, one of the defendants in the above-entitled action, which was upon a promissory note bearing her indorsement, alone appeals from a

judgment rendered against her and her co-defendants, who were the makers of the note.

From the record it appears that on or about January 25, 1927, James E. Whitacre, one of the defendants, executed his promissory note in the sum of $5,200, payable to Harry Jenkins and wife, secured by a trust deed on certain real property. In due course thereafter, the note was indorsed to appellant, who in turn assigned and indorsed the note to one Marjorie E. Wehrly by a writing on the back of the note, which reads as follows:

"Los Angeles, Cal., Dec. 1, 1927.

"For value received, I hereby grant and assign to Marjorie E. Wehrly the within note together with all rights accrued or to accrue under the deed of trust securing the same, so far as the same relate to this note, and waive presentment, demand, notice, protest and notice of protest.

"KATE SAATHOFF."

Marjorie E. Wehrly later indorsed the note and delivered it with the trust deed to respondent. The property covered by the trust deed was subject to the lien of a prior trust deed, which as a senior lien was foreclosed and the property bid in for the amount of the first lien indebtedness. Whereupon respondent filed suit on the $5,200 note against the original makers and the several subsequent indorsers, alleging in her complaint that the security had been sold to satisfy a senior lien, thus rendering it valueless as a security for the payment of the note sued upon. When the case was called for trial, counsel for appellant made the following statement to the court: "There are only two questions open in this case which we desire to submit to the court, ·the one is upon the question as to payments made upon said note, concerning which we have no evidence to offer. The other question is as to the effect of the form of endorsement which the defendant Kate Saathoff executed as same appears upon the back of said promissory note. We contend that under that form of endorsement the defendant Kate Saathoff would not be responsible upon said note to the plaintiff."

The question of the payments on the notes was by the court determined in favor of plaintiffs. No point is made on this appeal as to the correctness of the court's ruling

on that question. The only other point presented to the trial court for determination was as to the legal effect of the indorsement made by defendant Saathoff.

In her brief upon this appeal, appellant sets forth three contentions as grounds for reversal of the judgment:

"1. Defendant, Saathoff, was not liable to the plaintiff;

"2. The release of the general indorsers, Harry D. Jenkins and Myrtle Pidgeon Jenkins, released the defendant, Saathoff.

"3. By permitting the property securing the payment of said promissory note to be lost, plaintiff discharged the defendant, Saathoff, from liability."

Respondent in reply concedes that the first contention presented by appellant is now properly before this court, but maintains that with no allegations in the pleadings to furnish a foundation for the last two questions submitted by appellant, and the fact that they were not raised before the trial court, these questions cannot be raised for the first time upon appeal. Respondent's contentions as to the second and third points must be sustained. The defense of release, as raised, in the last two points stated, is not set up in said defendant's answer, nor does she deny the assertion in respondent's brief that these matters were neither presented to nor considered by the trial court. The rule has long been established in this state that appellate courts will not consider or review points in a case made for the first time on appeal. (*Richey* v. *Haley,* 138 Cal. 441 [71 Pac. 499]; *Los Angeles Inv. Co.* v. *Home Sav. Bank,* 180 Cal. 601 [182 Pac. 293, 5 A. L. R. 1193]; *Sullivan* v. *Vera,* 125 Cal. App. 303 [13 Pac. (2d) 770].)

This leaves for consideration the question involved in point one, under which appellant makes the contention that her assignment of the note "can only be considered as a special indorsement", and "that the only person who could sue the defendant Saathoff as assignor under an assignment showing an intention to be bound, would be the person to whom she assigned said promissory note by said assignment or special indorsement".

The following sections of our Civil Code dealing with indorsers and indorsements are pertinent to the inquiry here involved:

"3114. Kinds of indorsement. An indorsement may be either special or in blank; and it may also be either restrictive or qualified, or conditional.

"3115. Special indorsement. A special indorsement specifies the person to whom, or to whose order, the instrument is to be payable; and the indorsement of such indorsee is necessary to the further negotiation of the instrument. An indorsement in blank specifies no indorsee, and an instrument so indorsed is payable to bearer, and may be negotiated by delivery.

"3121. Payable to bearer. Where an instrument, payable to bearer, is indorsed specially, it may nevertheless be further negotiated by delivery; but the person indorsing specially is liable as indorser to only such holders as make title through his indorsement.

"3144. Person deemed indorser. A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Appellant in her brief does not deny that the language used in her assignment written on the back of the note obligates her as an indorser, but argues that her liability is limited to Marjorie E. Wehrly, to whom she assigned the note. In support of this contention, she cites the sections of the Civil Code hereinbefore quoted. We cannot give assent to the interpretation which appellant places upon these code sections. Section 3115, which defines a "special indorsement", does not place any limitation upon the liability of such indorsement. It does declare that the indorsement of the "special indorsee" is necessary to make the note negotiable, and further provides that a note indorsed in blank may be negotiated by delivery. Section 3121 provides that where an instrument made payable to bearer is specially indorsed, it may still be negotiated by delivery, but only those holders who derive their title through the indorsement of the special indorsee may hold him liable. The note here involved was made payable to Harry D. Jenkins et ux. There is no provision of our code limiting the liability of a "special indorsement" on an instrument made payable to a third party.

Section 3147 of the Civil Code reads as follows:

"Liability of general indorser. Every indorser who indorses without qualification, warrants to all subsequent holders in due course—

"(1) The matters and things mentioned in subdivisions one, two and three of the next preceding section; and

"(2) That the instrument is at the time of his indorsement valid and subsisting.

"And, in addition, he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will. pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

Section 3119 defines a qualified indorsement as follows: "Qualified indorsement. A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'without . recourse' or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument."

The language of the assignment executed by appellant does not bring it within the definition of a qualified indorsement. If, then, the assignment does not constitute a qualified indorsement, there would seem to be no escape from the conclusion that appellant would be liable as an indorser under the provisions of section 3147 of the Civil Code. If, on the other hand, the contention of appellant that section 3121 of the Civil Code is applicable, then appellant would still be liable, for it is undisputed that respondent derived her title to the note and trust deed through the indorsement of appellant's indorsee.

Research by counsel has not disclosed any case where the precise question here raised has been considered or decided. In support of her contention appellant quotes a statement from Daniels on Negotiable Instruments as follows: "If the paper be indorsed specially to a particular person, none but such person or his representative can sue." Upon an examination of the cases cited by the author in support of this declaration, it appears that in each case the question of the ownership of the note sued upon was involved

and that the most that these cases hold is that where the special indorser is still the owner, or presumed owner of the note, no other person may enforce its payment. Ruling Case Law in volume 3, page 1152, declares the rule in conformity with section 3121 of the Civil Code as follows: "But a person indorsing specially is liable as indorser to only such holders as take title through his indorsement."

Taking into account the various considerations which bear upon the question, we are of the opinion that the weight of authority, as well as the better reasoning, gives support to our conclusion that under the undisputed facts in this case appellant is liable to respondent as an indorser of the note sued upon.

Judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 22, 1934.