(118 App. Div. 915)

### BUCKWALTER STOVE CO. v. STRATTON et al.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1907.)

BANKRUPTCY—TITLE OF TRUSTEE.

> In replevin by the seller against the buyer of stoves and his trustee in bankruptcy, it was error to direct a verdict for defendant, where the evidence tended to show that, though there was originally an absolute sale, it was subsequently agreed that the seller should be reinvested with title, and the buyer hold the goods on consignment and remit to the plaintiff the proceeds, since, there being no evidence that the trustee represented any creditors, except as inferable from the fact of bankruptcy, he could have taken no better title than the buyer had.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 212–221.]

Appeal from Niagara County Court.

Replevin by the Buckwalter Stove Company against Frank J. Stratton and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

P. F. King, for appellant.
Alfred W. Gray, for respondents.

KRUSE, J. The evidence is sufficient to warrant a finding that, although there was originally an absolute sale of the goods in question by the plaintiff to the defendant Stratton, it was subsequently agreed between them that the plaintiff should be reinvested with the title thereto, and the defendant Stratton should hold the goods on consignment and remit to the plaintiff the proceeds from the sale thereof. It was therefore erroneous to direct a verdict against the plaintiff, since the codefendant Tucker, the trustee in bankruptcy of the defendant, took no greater interest in or better title to the goods than Stratton had, save as he also represented the creditors of Stratton. Upon that subject the evidence is entirely silent, except as it may be inferred from the fact of bankruptcy upon the part of Stratton. Even if it be assumed that there were creditors represented by the trustee in bankruptcy who could have attacked the plaintiff's title to the goods upon the ground that there was not such an immediate and actual change in the possession thereof as section 25 of the personal property law (Laws 1897, p. 511, c. 417) requires to effect a valid sale as against

such creditors, the facts and circumstances were such as to require the submission of that question to the jury.

The judgment, and the order denying the motion for a new trial, should be reversed, and a new trial granted, with costs to the appellant to abide the event.    All concur.