ANNIE L. MAXWELL, as Administratrix of the Estate of
　　　CHARLES W. MAXWELL, Deceased, Appellant, *v.* G. H.
　　　PETERS COMPANY, Respondent.

Negligence — question of fact — when dismissal of complaint
improper.

When a conclusion to be reached depends upon the credit which
should be given to several witnesses and the inferences to be drawn
from their testimony and from somewhat ambiguous documentary

evidence in the case, the court should allow the jury to draw it, instead of disposing of the case as matter of law.

*Maxwell* v. *Peters Co.*, 166 App. Div. 957, reversed.

(Argued October 20, 1916; decided November 3, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 13, 1915, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at Trial Term.

*Alonzo G. Hinkley* for appellant.

*Almon W. Lytle* for respondent.

*Per Curiam.* This is an action under section 18 of the Labor Law for negligently causing the death of the plaintiff's intestate, alleged to have been an employee of the defendant, by furnishing unsafe, unsuitable and improper scaffolding upon which to do his work as a roofer. The complaint was dismissed on the ground that the evidence showed the decedent to have been an independent contractor and not an employee to whom the defendant stood in the relation of master.

There was evidence tending to support such defense; but it was not conclusive nor did the testimony come from disinterested witnesses whom the jury were bound to believe. On the other hand, the proof adduced in behalf of the plaintiff was sufficient to warrant a finding that the decedent was a mere employee of the defendant corporation which undertook to furnish him with safe scaffolding upon which to perform his work and negligently failed to do so. The conclusion to be reached depended upon the credit which should be given to the several witnesses and the inferences to be drawn from their testimony, and from the somewhat ambiguous documentary evidence in the case; but it was a conclusion which the court should have allowed the jury to draw, instead of disposing of the case as matter of law.

For this reason it was error to dismiss the complaint.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDE-BACK, CARDOZO and POUND, JJ., concur.

Judgment reversed, etc.