FRANK A. WAGAR, Appellant, v. HENRY L. ROASER and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondents.

Third Department, November 16, 1921.

**Chattel mortgages — instrument construed as chattel mortgage — mortgage void as to judgment creditor where it was not filed and there was no delivery or change of possession.**

An instrument providing as follows: " * * * In consideration of the sum of $1,000, one thousand dollars, I agree to deliver to you," certain chattels, given and treated by the parties as security for a prior indebtedness, constitutes a chattel mortgage, and is void as against judgment creditors of the mortgagor, where it was not filed and there was no delivery of the chattels or any change of possession.

KILEY, J., dissents, with opinion.

APPEAL by the plaintiff, Frank A. Wagar, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rensselaer on the 15th day of April, 1921, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from an order, entered in said clerk's office on the 13th day of May, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*William H. Myers*, for the appellant.

*Guy F. Swinnerton*, for the respondents.

COCHRANE, J.:

The complaint alleges that the plaintiff was the owner and entitled to the possession of an Atlas truck and Boyer runabout and that such property was sold by the sheriff under an execution issued on a judgment recovered against John H. Uline by William T. Bininger and by him assigned to the defendant Roaser. The allegation of ownership is denied in the answer.

On August 4, 1919, the property was owned by said Uline and in his possession. On that day he gave to the plaintiff an instrument as follows:

" Received of Frank Wager                     TROY, N. Y.
   " $1,000.   One thousand dollars.                     *Aug.* 4, 1919.
   " In consideration of the sum of $1,000, one thousand
dollars, I agree to deliver to you 1 Ford delivery Model 1919
No. 2647940 — license 891592 —
   " 1 Atlas truck Model 1912.
   " 1 Boyer rebuilt roadster, and other automobile accessories
and supplies which I have bought and paid for and are at
my garage at West Sandlake, known as the Brewster House.
" Witness —                              . JOHN H. ULINE.
   " ROBERT A. FOLLETT."

On the trial plaintiff did not claim an absolute sale to him
under said instrument. His testimony makes it clear that
the transaction was intended as a security for a previous
indebtedness owed him by Uline. There is no room for the
contention that the evidence justifies an inference of an absolute
sale. The parties then and thereafter treated the transaction
as a security and the plaintiff testified that it was such.

There was no delivery of the property in question by Uline
to the plaintiff nor any change of possession. He retained it
under instructions by the plaintiff to do so and to sell it,
giving to him $525 of the proceeds and retaining the balance
for his own use. Plaintiff testified the property was worth
$1,100. That was the situation when the sheriff under the
Roaser execution levied on the property on October 24, 1919.
The instrument of August 4, 1919, was never filed as a chattel
mortgage.

In *Skilton* v. *Codington* (185 N. Y. 80, 86) it was said by
Chief Judge CULLEN: " By reason of the failure to file the
chattel mortgage for five years, that mortgage was void as
against creditors whose claims accrued prior to such filing.
(Lien Law, § 90, chap. 418, Laws of 1897;* *Thompson* v.
*Van Vechten*, 27 N. Y. 568.) ' A creditor by simple contract
is within the protection of the statute as much as a creditor
by judgment, but until he has a judgment and a lien, or a
right to a lien upon the specific property, he is not in a condition

* Amd. by Laws of 1900, chap. 248; now Lien Law, § 230, as amd.—
[REP.

to assert his rights by action as a creditor.' (*Southard* v. *Benner,* 72 N. Y. 424; *Karst* v. *Gane,* 136 N. Y. 316.)"

That statement of the rule applies to the present situation. There having been no absolute sale of the property to plaintiff and the instrument of August 4, 1919, not having been filed as a mortgage or conveyance intended to operate as such and not having been accompanied by delivery or change of possession of the property, the transaction is void as against the defendants. (Lien Law, § 230, as amd. by Laws of 1916, chap. 348.*)

The judgment is, therefore, right and should be affirmed.

JOHN M. KELLOGG, P. J., H. T. KELLOGG and VAN KIRK, JJ., concur; KILEY, J., dissents, with an opinion.

KILEY, J. (dissenting):

This action was originally brought against the sheriff of Rensselaer county, N. Y., under the following circumstances: One William T. Bininger recovered a judgment against John H. Uline for $269.25 in the City Court of the city of Troy. The exact date of recovery does not appear. A transcript was filed in the county clerk's office. On or about the 24th day of October, 1919, an execution on said judgment was issued to said sheriff, and he levied on one Atlas truck and one Boyer runabout in the possession of said Uline. On December 29, 1919, said Bininger sold said judgment to one Henry L. Roaser who evidently furnished a bond to the sheriff through the defendant, the Fidelity and Deposit Company of Maryland, to indemnify him against loss on account of such sale. It may be inferred from the record that such sale took place on the 13th day of March, 1920. It is admitted that the plaintiff served notice of claim to the ownership of the property upon the sheriff February 13, 1920, before the sale. After the commencement of the action Roaser, the assignee of Bininger, and his surety were substituted as defendants in place and stead of the sheriff of Rensselaer county. The material facts above set forth appear from the complaint, and in addition that plaintiff had such interest in said property so sold that he suffered a loss of $525 and judgment is demanded therefor. The answer consists

---

* Since amd. by Laws of 1921, chap. 419.— [REP.

wholly of admissions and denials. The uncontradicted evidence of the plaintiff shows, so far as the issue tendered by the pleadings is involved, that the plaintiff had advanced to the said Uline various sums of money aggregating upwards of $1,000 previous to the 4th day of August, 1919, and that the plaintiff, on that day and previous thereto, had urged Uline to make a payment to him on such indebtedness. The exact amount he needed at that time was $525, and Uline offered to turn over to him the aforesaid truck, runabout and a Ford runabout; that he accepted them with the provision and understanding that Uline should keep them in his garage and sell them for him, and pay him from the proceeds $525, and that he, Uline, could keep whatever surplus he received over that amount and use it in his business. Uline was in the auto sale and repair business. They were not lawyers and between themselves they then and there drew up a paper, variously called in the evidence a bill of sale or a chattel mortgage. It reads as follows:
                                                      " TROY, N. Y., *Aug.* 4, 1919.
" Received of Frank Wager $1000 One thousand dollars. In consideration of the sum of $1000, one thousand dollars, I agree to deliver to you 1 Ford delivery Model 1919 No. 2647940 — license 891592 — 1 Atlas truck Model 1912. 1 Boyer rebuilt roadster, and other automobile accessories and supplies which I have bought and paid for and are at my garage at West Sandlake, known as the Brewster House."
" Witness —                         [Signed]   JOHN H. ULINE.
" ROBERT A. FOLLETT."

The answer admits every allegation of the complaint, except ownership in the plaintiff, and the value of the property sold; it admits the levy by the sheriff but denies the sale. That is proved by evidence of the plaintiff. No evidence was offered by defendant. The complaint having been dismissed at the close of the plaintiff's case and on motion of the defendants, the plaintiff is entitled to the most favorable inference to be drawn from the evidence and pleadings. In *Koehler* v. *New York Steam Co.* (183 N. Y. 1), at page 8 of the opinion, the court says: " In disposing of this case it is to be borne in mind that this is a directed verdict, and the appellant is not only entitled to the most favorable inferences deducible from the

evidence, but all the disputed facts are to be treated as established in her favor." There are no disputed facts here; different inferences might be drawn from the record. The answer does not disclose any defense except a general denial. Two defenses might have been advanced, neither of which was pleaded; both were, more or less, considered during the trial, and one of which succeeded. The first referred to is under the Personal Property Law concerning transfer of personal property with the intent to hinder, delay or defraud creditors, etc. (Pers. Prop. Law, § 35; Id. § 107, as added by Laws of 1911, chap. 571.) No direct evidence was given under this head; only such as might be inferred from plaintiff's evidence and contents of documents introduced. The second is under the Lien Law as to filing chattel mortgages. (Lien Law, §§ 230,* 232, as amd. by Laws of 1916, chap. 348,* and Laws of 1915, chap. 27.) There it provides for the immediate filing in the town, city or county clerk's or register's office, as the case may be, of "every mortgage or conveyance *intended* to operate as a mortgage," etc. It seems to me under the first proposition a question of fact, at least, was presented for the jury, as it can only be successfully assailed upon the ground of fraudulent intent. Under the second proposition it is void only as against creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith. It was upon this proposition that defendants succeeded at the trial. The first question is, was defendant Roaser's assignor a creditor? The record is devoid of any evidence when the indebtedness represented by the judgment accrued. I do not find any suggestion in the record that Bininger was a creditor of Uline on August 4, 1919, when it is claimed that these cars were turned over to the plaintiff. In *Button* v. *Rathbone, Sard & Co.* (126 N. Y. 187), at page 191 of the opinion, the court says: "The term 'creditors of the mortgagor' has been defined by these decisions to be a creditor armed with some legal process which authorizes him to seize the property, such as an execution issued upon a judgment or an attachment. A mere creditor at large, without some process for the collection or enforcement of his debt, is not

---

* Since amd. by Laws of 1921, chap. 419.— [REP.

in a position to question an unfiled mortgage given by his debtor which is otherwise valid." In *Stephens* v. *Meriden Britannia Co.* (160 N. Y. 178), speaking of the effect of the filing act, the court says: "It was not, however, absolutely void, for it was good as between the parties thereto and as against creditors at large." In *Stephens* v. *Perrine* (143 N. Y. 476), at page 481 of the opinion, the following rule is laid down: "If, before any lien had been acquired by the creditors, the mortgagors had delivered the property to the mortgagee in payment of her debt, she could have then held it because it would have been in such a case a transfer of property by them in payment of their debt, and although it would have been in fact preferring such debt, yet it would have been a preference which the mortgagors then had the right to make." The plaintiff claimed upon the trial and still claims that the property was delivered to him in part payment of his debt and that he in turn made Uline his agent to sell. A question of fact was presented that should have been submitted to a jury. (*Buckwalter Stove Co.* v. *Stratton*, 118 App. Div. 915; *Maxwell* v. *Peters Co.*, 219 N. Y. 597.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment and order affirmed, with costs.